Argued and submitted July 28, reversed and remanded for entry of judgment of conviction for misdemeanor driving while under the influence of intoxicants and for resentencing November 23, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## ARMANDO ORTIZ,
*Appellant.*

02062734C; A121193

124 P3d 611

Joshua B. Crowther, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

* Schuman, J., *vice* Richardson, S. J.

**LANDAU, P. J.**

ORS 813.010(5) provides that the offense of driving while under the influence of intoxicants (DUII) is a felony "if the defendant has been convicted of driving while under the influence of intoxicants in violation of this section or its statutory counterpart in another jurisdiction" at least three times in the preceding 10 years. At issue in this case is the meaning of the term "statutory counterpart." More specifically, it is whether a prior conviction under an Idaho "zero tolerance" statute qualifies as a prior conviction under the "statutory counterpart" to Oregon's DUII statute. The trial court concluded that it does. We disagree and therefore reverse.

The relevant facts are not in dispute. Defendant was charged with—and later convicted of—DUII in Oregon[1] in 2002. In the preceding 10 years, defendant had been convicted on three different occasions in Idaho of offenses related to driving while intoxicated. Two of the prior convictions were for violation of Idaho Code section 18-8004(1)(a), which declares it a crime to drive under the influence of intoxicants or with a blood alcohol content (BAC) of 0.08 percent or higher. The third prior conviction was for violation of Idaho Code section 18-8004(1)(d), which provides:

> "It is unlawful for any person under the age of twenty-one (21) years who has an alcohol concentration of at least 0.02 but less than 0.08 * * * to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public."

At trial, following defendant's conviction for the Oregon DUII, the state contended that the conviction should be treated as a felony pursuant to ORS 813.010(5). The state argued that the three prior Idaho convictions satisfied the requirement of the statute that a defendant have three prior convictions under either that statute "or its statutory counterpart in another jurisdiction." Defendant objected, arguing that at least one of the prior Idaho convictions did not qualify

---

[1] Interestingly enough, on Idaho Avenue in Ontario.

as a conviction under the "statutory counterpart" of ORS 813.010 because the Idaho statute under which he was convicted defined an entirely different offense from the one that is described in ORS 813.010. Defendant noted that the Idaho offense—for driving while under 21 years of age and with a BAC of *less than* 0.08 percent—involves conduct that does not even violate ORS 813.010. The trial court rejected defendant's argument and entered a judgment of conviction and sentence for felony DUII.

■    On appeal, defendant argues that the trial court erred in entering judgment on the offense of felony DUII. He argues that, because one of his three prior Idaho convictions was not under a "statutory counterpart" to ORS 813.010, he should have been convicted of, and sentenced for, misdemeanor DUII. Defendant essentially reprises his argument to the trial court that Idaho Code section 18-8004(1)(d) is not a statutory counterpart of ORS 813.010 because the two statutes prohibit entirely different conduct.

The state responds that defendant examines the two statutes with too demanding a definition of "statutory counterpart" in mind. According to the state, a "statutory counterpart"—at least for purposes of ORS 813.010(5)—is simply one that "identifies circumstances under which a person may not use intoxicants and then operate a motor vehicle." The fact that different states may define by statute those "circumstances" differently, the state argues, does not mean that the statutes are any less "counterparts" within the meaning of ORS 813.010(5).

■    Thus framed, the parties' contentions reduce to a question of statutory construction. Our resolution is guided by the interpretive method set out in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin with the text of the relevant statutes in context and, if necessary, also resort to the legislative history and other aids to statutory construction. *Id.*

ORS 813.010 defines the offense of driving while under the influence of intoxicants. It provides, in part:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person[.]

"* * * * *

"(4)   Except as provided in subsection (5) of this section, the offense described in this section, driving while under the influence of intoxicants, is a class A misdemeanor and is applicable upon any premises open to the public.

"(5)   Driving while under the influence of intoxicants is a Class C felony if the defendant has been convicted of driving while under the influence of intoxicants in violation of this section or its statutory counterpart in another jurisdiction at least three times in the 10 years prior to the date of the current offense and the current offense was committed in a motor vehicle."

In ordinary parlance, a "counterpart" refers to a "duplicate," something that is "remarkably similar to another," or "something or someone having the same use, role, or characteristics often in a different sphere or period." *Webster's Third New Int'l Dictionary* 520 (unabridged ed 2002). Consistently with that ordinary meaning, the text of ORS 813.010(5) itself suggests a relatively limited meaning of the term "statutory counterpart," as it specifies that its focus is a statutory counterpart to "this section," that is, to ORS 813.010, not, as the state suggests, to the broader subject of using intoxicants and driving.

That fact strikes us as important, because ORS 813.010 is not the only Oregon statute that pertains to driving while under the influence of intoxicants. In the same mammoth—some 977 sections long—piece of legislation that produced ORS 813.010, the Oregon legislature also enacted what is now known as the Motorist Implied Consent Law, portions of which describe additional offenses related to driving while under the influence. *See* ORS 813.095, ORS 813.100, ORS 813.310, and ORS 813.410 to 813.440. Part of that law consists of what is known as a "zero tolerance" provision, laws that all states have adopted in one form or

another that prohibit underage drinking and driving. Such laws have been adopted in response to federal legislation making federal highway funds available to states that, among other things, adopt laws making it unlawful for persons under 21 years of age to operate a motor vehicle with a BAC of 0.02 percent or higher. 23 USC § 410.

Oregon's law provides that, "for the purposes of the Motorist Implied Consent Law, * * * for any person who is under 21 years of age, any amount of alcohol in the blood constitutes being under the influence of intoxicating liquor." ORS 813.300(3). Under the Motorist Implied Consent Law, however, driving with a BAC greater than the law permits is an administrative offense, punishable by a license suspension of 90 days. ORS 813.100(3), (4); ORS 813.410; ORS 813.420(3). Thus, a person who is under 21 years of age and drives a motor vehicle with, say, a BAC of 0.02 percent violates the Motorist Implied Consent Law, but does not violate ORS 813.010.

From the foregoing, this much seems clear. The phrase "statutory counterpart" in ORS 813.010(5), by its terms, refers to "this statute," that is, ORS 813.010 itself. It would seem reasonably to follow that the phrase does not refer to counterparts to statutes other than ORS 813.010; otherwise, the statute would not have referred solely to "this statute" and would have mentioned others, as well. As a result, for example, another state's zero tolerance statute is unlikely to be the sort of statute that the Oregon legislature would have contemplated as a counterpart to ORS 813.010, as it would clearly correspond more closely to Oregon's zero tolerance statute. That would seem to be the case especially in light of the fact that the Oregon legislature has determined, as a matter of policy, that violating the zero tolerance statute is not a criminal offense. It strikes us as highly unlikely that the legislature would define such conduct as an administrative offense if committed in this state, but treat it as a criminal offense if committed elsewhere.

With that in mind, we turn to the relevant provisions of the Idaho Code. Like the Oregon Revised Statutes, the Idaho Code prohibits driving while intoxicated in at least two different ways. First, it declares that it is unlawful for any

person who is under the influence of intoxicants "or who has an alcohol concentration of 0.08 * * * or more, as shown by analysis of his blood, urine, or breath, to drive or be in actual physical control of a motor vehicle within this state[.]" Idaho Code § 18-8004(1)(a).

Second, as we have noted, it also declares that it is unlawful for any person under the age of 21 "who has an alcohol concentration of at least 0.02 but less than 0.08 * * * to drive or be in actual physical control of a motor vehicle within this state." Idaho Code § 18-8004(1)(d).

The parallels to the Oregon statutory scheme are obvious. The first Idaho provision targets all drivers generally and prohibits driving while under the influence of intoxicants or with a BAC of 0.08, just as does ORS 813.010. The second Idaho provision targets only a particular class of drivers—those under the age of 21—and prohibits driving with a BAC of *lower than* 0.08 percent, just as does ORS 813.300(3).

In other words, if there is an Idaho "statutory counterpart" to ORS 813.010, it is Idaho Code section 18-8004(1)(a). It is not the Idaho zero tolerance provision that is described in Idaho Code section 18-8004(1)(d). In this case, because one of defendant's three prior Idaho convictions was for violation of the latter statute, he lacked the requisite three prior convictions for statutory counterparts of ORS 813.010. As a result, the trial court erred in entering a conviction for, and sentencing on, felony DUII.

Reversed and remanded for entry of judgment of conviction for misdemeanor driving while under the influence of intoxicants and for resentencing.