Submitted on record and briefs August 31, affirmed November 28, 2007,
petition for review denied March 26, 2008 (344 Or 390)

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# MARVIN LYLE MERSMAN,
*Defendant-Appellant.*

## Klamath County Circuit Court
0300550CR; A126635

172 P3d 654

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Chief Judge, and Ortega, Judge, and Deits, Judge pro tempore.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment of conviction for felony driving under the influence of initoxicants (DUII). ORS 813.010(5) provides that the offense of DUII is a felony "if the defendant has been convicted of driving while under the influence of intoxicants in violation of this section or its statutory counterpart in another jurisdiction" at least three times in the preceding 10 years. At issue in this case is whether defendant's two prior convictions under an Alaska DUII statute qualify as prior convictions under the "statutory counterpart" to Oregon's DUII statute. The trial court concluded that they do. We affirm.

The relevant facts are not in dispute. Defendant was charged with—and later convicted of—DUII in Oregon in 2004. In the preceding 10 years, defendant had been convicted twice in Alaska of offenses related to driving while intoxicated, and he had been convicted once in Oregon of violating ORS 813.010(5) during that same period. The Alaska convictions occurred in 1995 and 1996, respectively, and they were for violation of Alaska Statute (AS) 28.35.030 (1995), which provided, in part:

"(a)   A person commits the crime of driving while intoxicated if the person operates or drives a motor vehicle or operates an aircraft or a watercraft

"(1)   while under the influence of intoxicating liquor, or any controlled substance;

"(2)   when, as determined by a chemical test taken within four hours after the alleged offense was committed, there is 0.10 percent or more by weight of alcohol in the person's blood or 100 milligrams or more of alcohol per 100 milliliters of blood, or when there is 0.10 grams or more of alcohol per 210 liters of the person's breath; or

"(3)   while the person is under the combined influence of intoxicating liquor and a controlled substance."

At trial, following defendant's conviction for the Oregon DUII, the state contended that the conviction should be treated as a felony pursuant to ORS 813.010(5). The state argued that the two prior Alaska convictions, together with the prior Oregon conviction, satisfied the requirement of the

statute that a defendant have three prior convictions under either that statute "or its statutory counterpart in another jurisdiction." Defendant objected, arguing that the two prior Alaska convictions did not qualify as convictions under the "statutory counterpart" of ORS 813.010 because the Alaska statute under which he was convicted criminalized a broader range of conduct than ORS 813.010. Defendant noted that, as interpreted by the Alaska Court of Appeals, the Alaska statute, unlike the Oregon statute, permitted a conviction for operation of a vehicle if the defendant was in physical control of the vehicle, even if the circumstances rendered it impossible for the defendant to move the vehicle, and even if the defendant—while intoxicated—neither attempted nor intended to cause the vehicle to move. *See, e.g.,* *Kingsley v. State*, 11 P3d 1001, 1002 (Alaska Ct App 2000). The trial court rejected defendant's argument, admitted the evidence of defendant's Alaska convictions, and entered a judgment of conviction and sentence for felony DUII.

On appeal, defendant argues that the trial court erred in admitting evidence of defendant's two Alaska convictions and entering judgment on the offense of felony DUII. He argues that, because his two prior Alaska convictions were not entered under a "statutory counterpart" to ORS 813.010, he should have been convicted of, and sentenced for, misdemeanor DUII. Defendant renews his argument to the trial court that AS 28.35.030 is not a statutory counterpart of ORS 813.010 because the Alaska statute criminalizes conduct that would not constitute a crime under ORS 813.010.

The state responds that defendant's proposed definition of "statutory counterpart" is too exacting. According to the state, a "statutory counterpart"—at least for purposes of ORS 813.010(5)—is simply one that "constitutes [another] state's 'closest match' to ORS 813.010." In the state's view, "[i]n most cases, if a statutory provision in another state generally prohibits the driving or operating of a vehicle while under the influence of intoxicants, it will qualify as ORS 813.010's statutory counterpart." Because AS 28.35.030 is the Alaska provision that most closely matches ORS 813.010, the state reasons that the trial court correctly admitted the challenged evidence and convicted defendant of felony DUII.

■     The parties' contentions reduce to a question of statutory construction that is guided by the interpretive method set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We begin with the text of the relevant statutes in context and, if necessary, also resort to the legislative history and other aids to statutory construction. *Id.*

ORS 813.010 is Oregon's general DUII statute. It provides, in part:

> "(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:
>
> "(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person * * *;
>
> "* * * * *
>
> "(4)   Except as provided in subsection (5) of this section, the offense described in this section, driving while under the influence of intoxicants, is a Class A misdemeanor and is applicable upon any premises open to the public.
>
> "(5)   Driving while under the influence of intoxicants is a Class C felony if the defendant has been convicted of driving while under the influence of intoxicants in violation of this section or its statutory counterpart in another jurisdiction at least three times in the 10 years prior to the date of the current offense and the current offense was committed in a motor vehicle."

AS 28.35.030 is Alaska's general DUII statute. Like ORS 813.010, it criminalizes the operation or driving of a motor vehicle while under the influence of intoxicating liquor. Furthermore, the Alaska statute similarly authorizes the state to prove guilt in either of two different ways. First, the state may prove guilt by showing that the defendant possessed a certain blood alcohol content while operating or driving a motor vehicle. *See Conrad v. State*, 54 P3d 313, 313-14, 314 n 1, *adh'd to on denial of reh'g*, 60 P3d 701 (Alaska App 2002) (holding that AS 28.35.030(a)(2)—prohibiting the operating of a motor vehicle "when, as determined by a chemical test taken within four hours after the alleged offense," the

person's blood alcohol content is 0.10 or higher—requires "proof of the defendant's blood alcohol level at the time the defendant operated or controlled a motor vehicle"). Second, under both statutes, the state may prove guilt by showing that the defendant's driving or operating abilities were, regardless of blood alcohol content, impaired by an intoxicant.

■        However, there are two substantive differences between AS 28.35.030 and ORS 813.010. First, as defendant points out, the Alaska statute, unlike the Oregon statute, has been interpreted to permit a conviction for operation of a vehicle even if the circumstances rendered it impossible for the defendant to move his or her vehicle, even if the engine was off, and even if the defendant—while intoxicated—neither attempted nor intended to cause the vehicle to move. In that respect, the substantive scope of the Alaska statute is broader than ORS 813.010. Second, the Alaska statute gives the state the option of proving guilt by showing that the defendant drove with a 0.10 percent blood alcohol content, whereas ORS 813.010(1)(a) requires proof that a defendant drove with a 0.08 blood alcohol content. In that respect, the substantive scope of the Alaska statute is narrower than ORS 813.010. We conclude that neither of those differences, either separately or in conjunction, disqualifies the Alaska statute as a statutory counterpart to ORS 813.010.

Our analysis is informed by our decision in *State v. Ortiz*, 202 Or App 695, 124 P3d 611 (2005). In that case, we held that the defendant's prior conviction under an Idaho statute that prohibits persons under 21 years of age from driving with a blood alcohol content of " 'at least 0.02 but less than 0.08' " percent, *id.* at 697 (quoting Idaho Code section 18-8004(1)(d)), did not constitute a conviction under a statutory counterpart to ORS 813.010. With respect to the meaning of "statutory counterpart," we stated:

> "In ordinary parlance, a 'counterpart' refers to a 'duplicate,' something that is 'remarkably similar to another,' or 'something or someone having the same use, role, or characteristics often in a different sphere or period.' *Webster's Third New Int'l Dictionary* 520 (unabridged ed 2002). Consistently with that ordinary meaning, the text of ORS 813.010(5) itself suggests a relatively limited meaning of

the term 'statutory counterpart,' as it specifies that its focus is a statutory counterpart to 'this section,' that is, to ORS 813.010, not, as the state suggests, to the broader subject of using intoxicants and driving."

*Ortiz*, 202 Or App at 699. We elaborated:

"The phrase 'statutory counterpart' in ORS 813.010(5), by its terms, refers to 'this statute,' that is, ORS 813.010 itself. It would seem reasonably to follow that the phrase does not refer to counterparts to statutes other than ORS 813.010; otherwise, the statute would not have referred solely to 'this statute' and would have mentioned others, as well. As a result, for example, another state's zero tolerance statute is unlikely to be the sort of statute that the Oregon legislature would have contemplated as a counterpart to ORS 813.010, as it would clearly correspond more closely to Oregon's zero tolerance statute. That would seem to be the case especially in light of the fact that the Oregon legislature has determined, as a matter of policy, that violating the zero tolerance statute is not a criminal offense. It strikes us as highly unlikely that the legislature would define such conduct as an administrative offense if committed in this state, but treat it as a criminal offense if committed elsewhere."

*Id.* at 700.

We noted that, if there is an Idaho "statutory counterpart" to ORS 813.010, it is Idaho Code section 18-8004(1)(a), which prohibits a person who is under the influence of intoxicants, or who has an alcohol concentration of 0.08 or more, as shown by analysis of his blood, urine, or breath, from "driv[ing] or be[ing] in actual physical control of a motor vehicle." *Id.* at 701 (internal quotation marks omitted). We concluded that, because the Idaho statute under which the defendant had been convicted "targets only * * * those under the age of 21" and "prohibits driving with a [blood alcohol content] of *lower than* 0.08 percent," it is more similar to ORS 813.300(3), which defines those under 21 with "any amount of alcohol in the blood," as "being under the influence of intoxicating liquor," and therefore subject to a driver license suspension. *Id.* at 700-01 (emphasis in original).

The parties read *Ortiz* differently. Defendant seizes on our reference in that case to one of the ordinary dictionary

meanings of "counterpart," that is, "remarkably similar," and argues that the Alaska statute implicated in this case does not satisfy that definition because it criminalizes conduct that ORS 813.010 does not. The state replies that "*Ortiz* is of limited significance in this case" because it involved a different kind of statutory comparison than this case requires.

In *Ortiz*, we described multiple, disjunctive, ordinary meanings of "counterpart," one of which is "something or someone having the same use, role, or characteristics often in a different sphere or period." 202 Or App at 699. A same "use" or "role" refers to an identity of purpose or function, not elements. *See Webster's* at 1968, 2523 (defining "role," among other meanings, as "a function performed by * * * something in a particular situation," and defining "use," as pertinent here, as "a particular service or end : PURPOSE, OBJECT, FUNCTION"). Statutes having the same "characteristics" have the same "trait[s], qualit[ies] or propert[ies]," *id.* at 376; they need not be identical in every detail. In short, although statutory counterparts can be duplicates of, or remarkably similar to, each other, the alternative meaning that they may have the same use, role, or characteristics demonstrates that the comparison need not be perfect.

In *Ortiz,* the defendant's Idaho conviction was based on a statute that had the same use, role, or characteristics as ORS 810.300(3), Oregon's implied consent statute for persons under 21. The Idaho statute was not the counterpart of ORS 813.010, Oregon's general DUII statute. Instead, we opined that, if there was an Idaho counterpart to ORS 813.010, it was that state's general DUII statute. 202 Or App at 701. That surmise was both logical and consistent with the text of ORS 813.010(5). Under ORS 813.010(5), a DUII conviction is a felony if the defendant previously was convicted of DUII "in violation of this section or *its* statutory counterpart in another jurisdiction," and not of "a" or "any" statutory counterpart. (Emphasis added.) In choosing that particular possessive form, and in using the singular form of the noun "counterpart," the legislature appears to have assumed that other jurisdictions' statutes include a "single" counterpart to ORS 813.010.

Our decision in *State v. Torrey*, 32 Or App 439, 448-49, 574 P2d 1138 (1978), also informs our analysis. In that case, we addressed the meaning of "statutory counterpart" as used in *former* ORS 484.365 (1977), *repealed by* Or Laws 1981, ch 803, § 26. The defendant had been convicted of DUII under *former* ORS 487.540 (1975), *repealed by* Or Laws 1983, ch 338, § 978, which provided that a person committed DUII by driving with .10 percent or more blood alcohol content. The defendant had previously been convicted of DUII under *former* ORS 483.999(1) (1973), *repealed by* Or Laws 1975, ch 451, § 291, which prohibited driving with a .15 percent blood alcohol content. *Torrey*, 32 Or App at 443. Under *former* ORS 484.365, the prior DUII conviction could elevate the current conviction from a traffic infraction to a Class A misdemeanor if it constituted a conviction under a "statutory counterpart" to *former* ORS 487.540. We held that "the charge of driving with a blood alcohol level of .15 percent under *former* ORS 483.999(1) is a statutory counterpart of the Class A traffic infraction of driving under the influence of intoxicants under ORS 487.540." *Torrey*, 32 Or App at 449.

Significantly, the two statutes at issue, *former* ORS 483.999(1) and *former* ORS 487.540, required proof of different blood alcohol levels. As a result, the elements defined by those two provisions could not be described as identical or as duplicates. Nonetheless, we concluded that the two provisions were "statutory counterparts." *Torrey* is thus persuasive authority for the proposition that the second difference between the Alaska statute and ORS 813.010, namely, that the latter permits a conviction for a lower blood alcohol content than the former, is not disqualifying. Defendant does not challenge that conclusion. Instead, defendant focuses solely on the first difference between the statutes, which is Alaska's application of AS 28.35.030 to persons who are unable to drive but who are in physical control of the vehicle. However, we are not persuaded that, for purposes of ORS 813.010, that is a meaningful distinction.

Reduced to its core, defendant's argument is that, in order to qualify as a statutory counterpart to ORS 813.010(5), another state's general DUII statute must have the same elements as the Oregon statute or, alternatively, consistently with *Torrey*, must be a "lesser-included" version of the

Oregon statute and, thus, constitute its "equivalent."[1] However, the legislature did not describe the necessary correlation in those terms. Where the legislature intends to require element matching or criminal equivalence, or to specify a lesser-included relationship between offenses, it knows how to explicitly say so. *See, e.g.*, ORS 181.597(2)(a) (requiring persons moving to Oregon who have been convicted of a crime in another jurisdiction to report to authorities "if the elements of the crime would constitute a sex crime"); ORS 163.160(3)(b) (elevating fourth-degree assault to a felony if the defendant has at least three prior convictions in Oregon "or under equivalent laws of another jurisdiction and all of the assaults involved domestic violence"); ORS 131.515(4) ("A finding of guilty of a lesser included offense on any count is an acquittal of the greater inclusive offense only as to that count."). That the legislature failed to use such terms in ORS 813.010(5) undercuts defendant's argument.[2]

■    To recapitulate: The universe of statutory counterparts is not limited to statutes that have identical elements and, therefore, are duplicates. It is sufficient that, in keeping with the ordinary meaning of "counterpart," the statutes are

---

[1] As pertinent here, the ordinary meaning of "equivalent" is "corresponding or virtually identical esp. in effect or function." *Webster's* at 769.

[2] Subsection (5) was added to the statute by the 1999 legislature. Or Laws 1999, ch 1049, § 1. When Representative Mannix presented the bill—HB 2002—to the House of Representatives, he stated:

"This is actually the most significant drunk driving bill that we will have this session. This is the number one priority for the Governor's Commission on Drunk Driving. And the essence of the bill is that it will allow us to make driving under the influence a felony if you've had three prior convictions and you're out there again and you do it again and this time if you are caught driving under the influence we will toughen the sanctions and at that point the drunk driver faces serious, serious prison time. Having said that much I think I'll stop right there and see if I get a quick aye vote, and if not I'll be glad to answer questions."

House Floor Debate, July 18, 1999, Tape 317, Side A. The bill then passed the House without dissent.

It is apparent that, in enacting ORS 813.010(5), the legislature intended to expand the scope of Oregon's DUII law. It did so by adopting a generally worded term, "statutory counterpart," and by describing subsection (5)'s purpose in equally general terms, that is, by articulating a general intent to increase the penalty for repeat "drunk driv[ing]," and for persons who "do it again." Although the legislative history is too generic to answer the precise question presented in this case, it does reveal a general legislative intent to toughen the DUII laws, which is difficult to reconcile with defendant's proposed interpretation of the statute.

either remarkably similar or have the same use, role, or characteristics. In this case, we need not decide whether the comparator statutes are remarkably similar, because we conclude, in any event, that they have the same use, role, or characteristics. Both the Alaska statute and ORS 813.010 constitute the general DUII statutes in their respective jurisdictions and both identify alternative means—one based on proof that a person was "under the influence" while driving and one based on proof of a particular blood alcohol content—for proving DUII. Those common uses, roles, or characteristics are sufficient, despite the two differences in substantive scope between the statutes, to make them statutory counterparts for purposes of ORS 813.010(5). It follows that the trial court did not err in relying on defendant's Alaska convictions for DUII in convicting defendant of felony DUII under ORS 813.010.

Affirmed.