Submitted February 27, affirmed September 3, 2008

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**ROBERT GORDON RAWLEIGH,**
*Defendant-Appellant.*

Multnomah County Circuit Court
050343711; A129377

192 P3d 292

Sarah E. Carpenter, Deputy Public Defender, argued the cause for appellant. On the briefs were Peter Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and John L. Susac, Deputy Public Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the briefs were Hardy

Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

ORS 813.215(1) and (2)[1] provide that a defendant is ineligible to participate in a diversion agreement following a charge of driving while under the influence of intoxicants (DUII) if, among other things, the defendant has a previous DUII conviction under ORS 813.010 or the "statutory counterpart" to ORS 813.010 in another jurisdiction within the last 10 years. In this case, defendant was charged with DUII, ORS 813.010. He petitioned for a diversion agreement, but the trial court determined that he was ineligible for diversion because of a prior conviction in the State of Washington under a statutory counterpart to ORS 813.010. Defendant entered a conditional plea of guilty, reserving the right to appeal. ORS 135.335(3). He now appeals, arguing that the trial court erred in concluding that he was ineligible for diversion, because the statute under which he was convicted in Washington was not a "statutory counterpart" to ORS 813.010. We affirm.

The relevant facts are not in dispute. In 2003, defendant was convicted in Washington of driving while under the influence of intoxicating liquor, in violation of RCW 46.61.502. In 2005, defendant was arrested and charged with DUII in Oregon. Defendant petitioned for a diversion agreement. The state objected, based on defendant's Washington conviction. As we have noted, the trial court concluded that RCW 46.61.502 was a statutory counterpart to ORS 813.010 and denied his petition.

---

[1] All references to statutes are to the versions that were in effect at the time defendant committed the relevant offense.

ORS 813.215 provides, in part:

"A defendant is eligible for diversion if:

"(1) The defendant had no charge of an offense of driving while under the influence of intoxicants or its statutory counterpart in any jurisdiction, other than the charge for the present offense, pending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement;

"(2) The defendant has not been convicted of an offense described in subsection (1) of this section within the period beginning 10 years before the date of the commission of the present offense and ending on the date the defendant filed the petition for a driving while under the influence of intoxicants diversion agreement[.]"

On appeal, defendant argues that, although both ORS 813.010 and RCW 46.61.502 criminalize driving under the influence of intoxicants, RCW 46.61.502 is not a "statutory counterpart" to ORS 813.010. He argues that, under our decision in *State v. Ortiz*, 202 Or App 695, 124 P3d 611 (2005), a foreign statute is a statutory counterpart to ORS 813.010 only if it is a "duplicate" or is "remarkably similar" to the Oregon statute. In this case, he contends, the Washington statute does not satisfy that test for two reasons.

First, defendant observes that ORS 813.010 criminalizes *driving* with a blood alcohol content (BAC) of 0.08 percent or greater, while the Washington statute criminalizes having a BAC of 0.08 percent *within two hours of driving*. According to defendant, that difference means that a person may be convicted under the Washington statute even if, at the time of driving, he or she had not absorbed the intoxicant that he or she had ingested and, as a result, his or her BAC was less than 0.08 percent at that time.

Second, defendant observes that ORS 813.010 applies only to instances in which the person drives on "premises open to the public," while RCW 46.61.502 applies to driving on both public and private premises.

In both cases, defendant argues, the Washington statute criminalizes behavior that the Oregon statute does not. Given that fact, he concludes, the Washington statute hardly satisfies the "duplicate" or "remarkably similar" standard that *Ortiz* requires.

The state responds that defendant misreads *Ortiz* to impose an unduly demanding definition of "statutory counterpart." According to the state, Oregon's DUII statute and a statutory counterpart need not be identical or even remarkably similar. *Ortiz*, the state contends, merely observed that the term "statutory counterpart" *may* refer to "duplicate[s]" or things that are "remarkably similar" to one another, not that it must do so.

As to the dissimilarities that defendant identifies between the two statutes, the state contends that both dissolve in light of relevant Washington court decisions interpreting the scope of RCW 46.61.502. Specifically, as to defendant's suggestion that the Washington statute does not

require proof of intoxication at the time of driving, the state responds that the Washington Supreme Court has determined that such proof is, in fact, "a logically and legally required, albeit implied, element of the offense." *See State v. Crediford*, 130 Wash 2d 747, 755, 927 P2d 1129, 1133 (1996). As to defendant's suggestion that Washington's statute applies to driving while intoxicated even on private roads, the state again notes that the Washington case law is to the contrary. *See State v. Day*, 96 Wash 2d 646, 638 P2d 546 (1981) (RCW 46.61.502 applies only to driving while intoxicated on a public road or driving on property where the public has a right to be).

As we explained in *Ortiz*, whether a particular foreign statute is a "statutory counterpart" to ORS 813.010 is essentially a question of statutory construction, answered by application of the familiar principles set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). *Ortiz*, 202 Or App at 698. In *Ortiz*, we addressed the meaning of the term "statutory counterpart" as it is employed in ORS 813.010(5).[2] We noted that the ordinary meaning of a "counterpart" includes a "duplicate," something that is "remarkably similar to another," or "something or someone having the same use, role, or characteristics often in a different sphere or period." *Ortiz*, 202 Or App at 699. As the state correctly observes in this case, however, we did not hold that the term "statutory counterpart" requires that the foreign statute be a "duplicate" or even that it be "remarkably similar" to ORS 813.010.

We addressed precisely that point more recently in *State v. Mersman*, 216 Or App 194, 198, 172 P3d 654 (2007), *rev den*, 344 Or 390 (2008). In that case, we considered whether Alaska's general DUII statute was a statutory counterpart to ORS 813.010 for the purpose of ORS 813.010(5).

---

[2] Under ORS 813.010(5), driving under the influence of intoxicants is a Class C felony if, among other prerequisites, the defendant has been convicted at least three times in the previous 10 years of DUII under ORS 813.010 or its "statutory counterpart" in another jurisdiction. *State v. Rodriguez*, 217 Or App 24, 175 P3d 471 (2007). We understand the meaning of the phrase "statutory counterpart" in ORS 813.215(1)(a)(A)(ii), the statute at issue here, to be the same meaning as that phrase has in ORS 813.010(5). *See PGE*, 317 Or at 611 (where the legislature uses the same term in related statutes, the court infers that the term has the same meaning).

We noted two substantive differences between the two statutes: that a person can be convicted under the Alaska statute even if circumstances rendered it impossible for the defendant to move his or her vehicle; and that, under the Alaska statute, the state could prove guilt by showing that the defendant's BAC was 0.10 percent or greater, as opposed to the 0.08 percent limit set out in ORS 813.010. *Mersman*, 216 Or App at 199. We determined that the first difference gave the Alaska statute a broader scope of application, and the second difference gave it a narrower scope. *Id.*

We nevertheless concluded that the Alaska statute was a statutory counterpart to ORS 813.010. We reviewed our earlier decision in *Ortiz* and reiterated that, under the textual analysis set out in that decision, a statutory counterpart need not be identical in its elements to ORS 813.010; rather, a statutory counterpart to ORS 813.010 is one that either is remarkably similar to or that has "the same use, role, or characteristics" as ORS 813.010. *Mersman*, 216 Or App at 201, 203-04. We concluded that the Alaska statute at issue met that standard. Like ORS 813.010, the Alaska statute was the general DUII statute in that jurisdiction and identified alternative means for proving DUII. *Mersman*, 216 Or App at 204.

With the foregoing principles in mind, we turn to the relevant statutes in this case. ORS 813.010 provides, in part:

"(1)  A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)  Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person * * *;

"* * * * *

"(4)  Except as provided in subsection (5) of this section, the offense described in this section, driving while under the influence of intoxicants, is a Class A misdemeanor and is applicable upon any premises open to the public.

"(5)   Driving while under the influence of intoxicants is a Class C felony if the defendant has been convicted of driving while under the influence of intoxicants in violation of this section or its statutory counterpart in another jurisdiction at least three times in the 10 years prior to the date of the current offense and the current offense was committed in a motor vehicle."

In turn, RCW 46.61.502 provides, in part:

"(1)   A person is guilty of driving while under the influence of intoxicating liquor or any drug if the person drives a vehicle within this state:

"(a)   And the person has, within two hours after driving, an alcohol concentration of 0.08 or higher as shown by analysis of the person's breath or blood made under RCW 46.61.506; or

"(b)   While the person is under the influence of or affected by intoxicating liquor or any drug; or

"(c)   While the person is under the combined influence of or affected by intoxicating liquor and any drug.

"(2)   The fact that a person charged with a violation of this section is or has been entitled to use a drug under the laws of this state shall not constitute a defense against a charge of violating this section.

"(3)   It is an affirmative defense to a violation of subsection (1)(a) of this section which the defendant must prove by a preponderance of the evidence that the defendant consumed a sufficient quantity of alcohol after the time of driving and before the administration of an analysis of the person's breath or blood to cause the defendant's alcohol concentration to be 0.08 or more within two hours after driving. The court shall not admit evidence of this defense unless the defendant notifies the prosecution prior to the omnibus or pretrial hearing in the case of the defendant's intent to assert the affirmative defense.

"(4)   Analyses of blood or breath samples obtained more than two hours after the alleged driving may be used as evidence that within two hours of the alleged driving, a person had an alcohol concentration of 0.08 or more in violation of subsection (1)(a) of this section, and in any case in which the analysis shows an alcohol concentration above 0.00 may be used as evidence that a person was under the

influence of or affected by intoxicating liquor or any drug in violation of subsection (1)(b) or (c) of this section.

"(5)   A violation of this section is a gross misdemeanor."

Given the wording of each of the foregoing statutes, we readily conclude that, as in *Mersman*, the Washington statute is a "statutory counterpart" to the Oregon statute. Even assuming that there are dissimilarities between RCW 46.61.502 and ORS 813.010, nevertheless, RCW 46.61.502 is Washington's general DUII statute, that is, its statute criminalizing the operation or driving of a motor vehicle while under the influence of intoxicants. And it provides alternative means of proving that a person committed DUII—one based on the person's operation of the vehicle while under the influence of intoxicants and one based on the person's BAC. As in *Mersman*, those common uses, roles, and characteristics are sufficient, despite the possible differences in the substantive scope of the respective statutes, to make RCW 46.61.502 and ORS 813.010 statutory counterparts for the purposes of ORS 813.215(1)(a)(A)(ii). The trial court therefore correctly determined that defendant was not eligible for DUII diversion.

Affirmed.