Argued and submitted January 11, affirmed June 29, 2011

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ABDUL HALEEM RUTHERFORD,
*Defendant-Appellant.*

Multnomah County Circuit Court
070545189; A138845

260 P3d 542

Rankin Johnson IV argued the cause for appellant. With him on the brief was Law Office of Rankin Johnson IV, LLC.

Ryan Mack, Certified Law Student, argued the cause for respondent. On the brief were John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Greg Rios, Assistant Attorney General.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

DUNCAN, J.

**DUNCAN, J.**

This is a criminal case in which defendant appeals the trial court's judgment convicting and sentencing him for driving under the influence of intoxicants (DUII) in violation of ORS 813.010. Specifically, defendant appeals the trial court's permanent revocation of his driving privileges pursuant to ORS 809.235(1)(b)(A). That statute requires a court to "order that a person's driving privileges be permanently revoked * * * if the person is convicted for a third or subsequent time" of DUII in violation of ORS 813.010 or "[t]he statutory counterpart to ORS 813.010 in another jurisdiction."[1] The trial court revoked defendant's driving privileges on the ground that defendant's DUII conviction in this case was his third, for the purposes of ORS 809.235(1)(b)(A), because defendant had two prior DUII convictions for violating a Nevada statute, which, the trial court concluded, was "the statutory counterpart to ORS 813.010." For the reasons explained below, we agree that defendant's two prior Nevada DUII convictions were for violation of Nevada's statutory counterpart to ORS 813.010. Accordingly, we affirm.

We begin with the relevant facts, which are few. In 2007, defendant pleaded guilty to DUII in violation of ORS 813.010 in this case. At sentencing, the state asked the trial court to permanently revoke defendant's driving privileges pursuant to ORS 809.235(1)(b)(A). In support of its request, the state presented evidence that defendant had two prior convictions for DUII in violation of a Nevada statute, NRS 484C.110,[2] one in 2003 and another in 2004. Defendant

---

[1] ORS 809.235(1)(b) provides, in part:

"The court shall order that a person's driving privileges be permanently revoked if the person is convicted of felony driving while under the influence of intoxicants in violation of ORS 813.010 or if the person is convicted for a third or subsequent time of any of the following offenses in any combination:

"(A) Driving while under the influence of intoxicants in violation of:

"(i)    ORS 813.010; or

"(ii)  The statutory counterpart to ORS 813.010 in another jurisdiction."

[2] Specifically, defendant was convicted of violating *former* NRS 484.379 (2009), *renumbered as* NRS 484C.110 (2010). Although that statute and related statutes were renumbered in 2010, the relevant provisions have not been amended since defendant's convictions. Throughout this opinion we refer to the current version of the Nevada statutes.

objected to the permanent revocation, arguing that his Nevada DUII convictions could not be counted as predicate convictions for the purposes of permanent revocation of his driving privileges under ORS 809.235(1)(b)(A) because they were not convictions for violating "the statutory counterpart to ORS 813.010." The trial court rejected defendant's argument, concluding that "the Nevada law is the statutory counterpart in that it serves the same * * * use and role as 813.010."

On appeal, defendant renews his argument that his convictions under NRS 484C.110 were not for violating a statutory counterpart to ORS 813.010. We begin our analysis with the statutes themselves. ORS 813.010 provides, in part:

"(1)   A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:

"(a)   Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150;

"(b)   Is under the influence of intoxicating liquor, a controlled substance or an inhalant; or

"(c)   Is under the influence of any combination of intoxicating liquor, an inhalant and a controlled substance."

Under Oregon law, a DUII is a misdemeanor, ORS 813.010(4), unless the defendant has three prior DUII convictions in the preceding 10 years, in which case, it is a felony, ORS 813.010(5).

By comparison, NRS 484C.110 provides, in part:

"1.   It is unlawful for any person who:

"(a)   Is under the influence of intoxicating liquor;

"(b)   Has a concentration of alcohol of 0.08 or more in his or her blood or breath; or

"(c)   Is found by measurement within 2 hours after driving or being in actual physical control of a vehicle to have a concentration of alcohol of 0.08 or more in his or her blood or breath,

"to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.

"2.    It is unlawful for any person who:

"(a)    Is under the influence of a controlled substance;

"(b)    Is under the combined influence of intoxicating liquor and a controlled substance; or

"(c)    Inhales, ingests, applies or otherwise uses any chemical, poison or organic solvent, or any compound or combination of any of these, to a degree which renders the person incapable of safely driving or exercising actual physical control of a vehicle,

"to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access.
* * *

"3.    It is unlawful for any person to drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access with an amount of a prohibited substance in his or her blood or urine that is equal to or greater than: [The statute then lists 11 different prohibited substances and the amount per milliliter that is unlawful in urine and blood].

"4.    If consumption is proven by a preponderance of the evidence, it is an affirmative defense under paragraph (c) of subsection 1 that the defendant consumed a sufficient quantity of alcohol after driving or being in actual physical control of the vehicle, and before his or her blood or breath was tested, to cause the defendant to have a concentration of alcohol of 0.08 or more in his or her blood or breath."

A defendant convicted under NRS 484C.110 is generally sentenced pursuant to NRS 484C.400. Under Nevada law, DUII is a misdemeanor, unless the defendant has two other DUII convictions within the preceding seven years, in which case it is a felony. NRS 484C.400(1)(a)-(c).

Whether another jurisdiction's statute is "the statutory counterpart to ORS 813.010" is a question we have considered in several cases.[3] *State v. Donovan*, 243 Or App 187,

---

[3] Most recently, in *State v. Donovan*, 243 Or App 187, 256 P3d 196 (2011), we addressed whether our prior case law interpreting "statutory counterpart" withstood the 2007 amendments to ORS 813.010(1). We held that those

256 P3d 196 (2011); *State v. Rawleigh*, 222 Or App 121, 192 P3d 292 (2008); *State v. Mersman*, 216 Or App 194, 172 P3d 654 (2007), *rev den*, 344 Or 390 (2008); *State v. Ortiz*, 202 Or App 695, 124 P3d 611 (2005). "[A] statutory counterpart to ORS 813.010 is one that is either remarkably similar to or that has the same use, role, or characteristics as ORS 813.010." *Rawleigh*, 222 Or App at 126 (internal quotation marks omitted). A statute may be a statutory counterpart to ORS 813.010 even if it does not have the same elements as ORS 813.010. *Mersman*, 216 Or App at 203 ("The universe of statutory counterparts is not limited to statutes that have identical elements and, therefore, are duplicates."). Thus, in *Mersman*, we held that an Alaska DUII statute was Alaska's statutory counterpart to ORS 813.010, even though it criminalized a broader range of conduct than ORS 813.010. Under the Alaska statute, a person could be convicted of DUII if the person was in physical control of a vehicle, even if the circumstances rendered it impossible to move the vehicle, and even if the person did not attempt to move the vehicle. Thus, the Alaska statute was "broader than ORS 813.010." *Id.* at 199. Nevertheless, we held that the Alaska statute was the statutory counterpart to ORS 813.010 because it had the "same use, role, or characteristics" as ORS 813.010. *Id.* at 204. We explained:

> "Both the Alaska statute and ORS 813.010 constitute the general DUII statutes in their respective jurisdictions and both identify alternative means—one based on proof that a person was 'under the influence' while driving and one based on proof of a particular blood alcohol content—for proving DUII. Those common uses, roles, or characteristics are sufficient, despite the two differences in substantive scope between the statutes, to make them statutory counterparts."

*Id.*

Similarly, in *Rawleigh*, we held that, even assuming the Washington DUII statute at issue criminalized a broader range of conduct than ORS 813.010, it was Washington's statutory counterpart to ORS 813.010 because (1) it was that

---

amendments, which were also added to ORS 809.235(1) and ORS 813.215(1), "did not alter the meaning of 'statutory counterpart' as we have interpreted that phrase in our previous cases." *Donovan*, 243 Or App at 197.

state's "general DUII statute, that is, its statute criminalizing the operation or driving of a motor vehicle while under the influence of intoxicants," and (2) like ORS 813.010, "it provide[d] alternative means of proving that a person committed DUII—one based on the person's operation of the vehicle while under the influence of intoxicants and one based on the person's [blood alcohol content]." 222 Or App at 128.

Having set out the relevant statutes and controlling case law, we turn to defendant's two arguments on appeal. First, defendant argues that NRS 484C.110 is not the statutory counterpart of ORS 813.010 because the two statutes are not "remarkably similar" and, therefore, his two Nevada DUII convictions do not count as predicate convictions for permanent revocation of his driving privileges. Second, and alternatively, defendant argues that "a first conviction for DUII under Nevada law is more akin to completing diversion than being convicted under Oregon law" and, therefore, his first Nevada conviction does not count as a predicate conviction for permanent revocation of his driving privileges.

Defendant's first argument is based on one of the two alternative meanings of "statutory counterpart" we identified in *Mersman* when we said that "statutory counterparts can be duplicates of, or remarkably similar to, each other" or "they may have the same use, role, or characteristics." *Id.* at 201. Focusing only on the first meaning, defendant argues that there are substantive differences between NRS 484C.110 and ORS 813.010 that "establish that the two are not 'remarkably similar.'" Specifically, defendant argues that NRS 484C.110 criminalizes a broader range of conduct than ORS 813.010 because it includes more intoxicants than ORS 813.010 and it applies to defendants who have a blood alcohol level of 0.08 or more up to two hours after driving.

We are not convinced that those differences prevent NRS 484C.110 from being the statutory counterpart to ORS 813.010. Like the Alaska statute at issue in *Mersman* and the Washington statute at issue in *Rawleigh*, NRS 484C.110 is its state's "general DUII statute, that is, its statute criminalizing the operation or driving of a motor vehicle while under the influence of intoxicants." *Rawleigh*, 222 Or App at 128.

"And it provides alternative means of proving that a person committed DUII," by evidence that the person operated a vehicle while under the influence of intoxicants and by evidence of the person's blood alcohol content. *Id.* Thus, like the statutes at issue in *Mersman* and *Rawleigh*, NRS 484C.110 has the "same use, role, or characteristics" as ORS 813.010 and, therefore, qualifies as a statutory counterpart to ORS 813.010 under the second meaning set out in *Mersman.* 216 Or App at 204.

Defendant's second argument on appeal is that his first Nevada DUII conviction should be treated as an Oregon DUII diversion. In Oregon, a DUII defendant is eligible for diversion if several statutory criteria are met, ORS 813.215, and if the trial court, after reviewing several additional statutory considerations, accepts the defendant's petition for diversion, ORS 813.220. A defendant with a DUII conviction—under ORS 813.010 or its statutory counterpart in another jurisdiction—in the preceding 15 years is ineligible for diversion. ORS 813.215(1)(b). Once accepted, a diverted defendant is subject to a court-supervised treatment plan, and the defendant's DUII prosecution is stayed pending completion of the plan. ORS 813.230. A defendant who successfully completes the plan can petition the trial court to dismiss the DUII charge with prejudice. ORS 813.250. Subsequent DUII convictions, therefore, cannot be enhanced by a DUII charge resolved through a defendant's successful completion of diversion.

According to defendant, Nevada's treatment of first-time DUII defendants is akin to Oregon's DUII diversion. In support of that proposition, defendant directs us to Nevada's sentencing scheme, specifically, NRS 484C.320. Defendant contends that NRS 484C.320 "modifies" NRS 484C.110, and that that modification effectively disqualifies NRS 484C.110 as a statutory counterpart to ORS 813.010.

NRS 484C.320 authorizes treatment for first-time DUII defendants who meet its specific criteria. A defendant convicted of DUII under NRS 484C.110 is eligible for treatment if, among other criteria, the defendant is diagnosed as an alcoholic or drug abuser, agrees to pay for the cost of treatment, and has or will serve one day in jail or perform 24 hours

of community service. NRS 484C.320(1). If the court authorizes treatment, it sentences the defendant pursuant to NRS 484C.400, Nevada's general DUII sentencing statute, and suspends that sentence for up to three years while the defendant undergoes treatment. NRS 484C.320(4)(b). The statute also requires the court to advise the defendant that

> "(1)  If the offender is accepted for treatment by such a facility, he or she may be placed under the supervision of the facility for a period not to exceed 3 years and during treatment the offender may be confined in an institution or, at the discretion of the facility, released for treatment or supervised aftercare in the community.

> "(2)  If the offender is not accepted for treatment by such a facility or he or she fails to complete the treatment satisfactorily, the offender shall serve the sentence imposed by the court. Any sentence of imprisonment must be reduced by a time equal to that which the offender served before beginning treatment.

> "(3)  If the offender completes the treatment satisfactorily, the offender's sentence will be reduced to a term of imprisonment which is no longer than that provided for the offense in paragraph (c) of subsection 1 [(one day in jail or 24 hours of community service)] and a fine of not more than the minimum fine provided for the offense in NRS 484C.400 [($400)], *but the conviction must remain on the record of criminal history of the offender."*

NRS 484C.320(4)(c) (emphasis added).

According to defendant, a first-time defendant sentenced under NRS 484C.320 is treated similarly to a first-time defendant participating in Oregon's diversion, and, therefore, "a first Nevada conviction is for the statutory equivalent of an Oregon diversion." Accordingly, defendant argues, "[o]nly the second and subsequent convictions under Nevada law should be treated as convictions under a statutory counterpart to ORS 813.010."

We are not convinced by defendant's argument for several reasons. First, defendant fails to point out that second- and even third-time DUII defendants in Nevada can receive treatment in lieu of the standard sentence, NRS 484C.330 and NRS 484C.340, which vitiates defendant's

argument that only the first-time defendant treatment sentence in Nevada resembles diversion in Oregon. Second, the treatment statute under which defendant was sentenced in Nevada was not a "diversion" in the same sense that Oregon's statutes operates. That is, under Nevada's statutory scheme, a first-time defendant does not avoid a conviction if the treatment plan is successfully completed. Rather, the Nevada defendant pleads or is found guilty of DUII, is sentenced accordingly, and then has that sentence suspended and ultimately reduced if the defendant satisfies the treatment requirements—the underlying DUII conviction, however, remains on the defendant's criminal record. Moreover, that conviction can be used to enhance the penalties for subsequent DUII convictions in Nevada.

In contrast, Oregon's diversion program provides an alternative to a conviction for those defendants who meet its various criteria. Although a defendant convicted in Nevada under NRS 484C.110 and sentenced according to NRS 484C.320 may receive treatment akin to a defendant who enters diversion under ORS 813.215, that similarity does not disqualify NRS 484C.110 as a statutory counterpart to ORS 813.010. As stated, ORS 809.235(1)(b) mandates permanent license revocation "if the person *is convicted* * * * for a third or subsequent time" of ORS 813.010 or its statutory counterpart in another jurisdiction. (Emphasis added.) It is undisputed that defendant was twice convicted of DUII in Nevada under NRS 484C.110, which is Nevada's general DUII statute, criminalizing the operation or driving of a motor vehicle while under the influence of intoxicants. Thus, the trial court correctly concluded that NRS 484C.110 is a statutory counterpart to ORS 813.010. Accordingly, defendant's two prior Nevada DUII convictions in conjunction with his Oregon DUII conviction mandate permanent revocation of defendant's driver's license under ORS 809.235(1)(b)(A).

Affirmed.