LAGESEN, P. J.
*143 Defendant appeals a judgment of conviction for felony driving while under the influence of intoxicants (DUII), ORS 813.010, and reckless driving, ORS 811.140. The offense of DUII becomes a felony if the defendant has been convicted of DUII in violation of ORS 813.010 or "its statutory counterpart in another jurisdiction, at least two times in the 10 years prior to the date of the current offense." ORS 813.011(1). Defendant was convicted twice in Colorado for "driving while ability impaired" (DWAI). See Colo Rev Stat (CRS) § 42-4-1301(1)(b) (2006), (2010).[1] Defendant argues that his prior convictions under CRS section 42-4-1301 (1)(b)"do not qualify as predicates to enhance defendant's current DUII to a felony because the Colorado DWAI [statute] is not the statutory counterpart to ORS 813.010" and that the trial court erred in holding otherwise. Because we conclude, applying the analysis of State v. Donovan , 243 Or. App. 187, 256 P.3d 196 (2011), that Colorado's DWAI statute, CRS section 42-4-1301(1)(b), is a statutory counterpart to ORS 813.010, we affirm.
Defendant, who had previously twice been convicted of DWAI under CRS section 42-4-1301(1)(b), was charged with DUII for driving while intoxicated in Bend, Oregon. At trial, defendant filed a motion to exclude both of his prior Colorado convictions on the ground that CRS section 42-4-1301(1)(b) is not the statutory counterpart to the Oregon DUII statute under which he was convicted, ORS 813.010. The trial court denied the motion. Pursuant to a conditional guilty plea, defendant was convicted of DUII, ORS 813.010, which was treated as a felony based on the Colorado convictions, and reckless driving, ORS 811.140. On appeal, defendant challenges the court's reliance on the Colorado convictions, contending that CRS section 42-4-1301(1)(b) is not the statutory counterpart to ORS 813.010.
We review a trial court's determination that a statute in another jurisdiction is a "statutory counterpart" to *144 ORS 813.010 *226 for legal error. Donovan , 243 Or. App. at 191, 256 P.3d 196. The question in this case is whether CRS section 42-4-1301(1)(b) is a statutory counterpart to ORS 813.010. ORS 813.010, Oregon's DUII statute, provides, in relevant part:
"(1) A person commits the offense of driving while under the influence of intoxicants if the person drives a vehicle while the person:
"(a) Has 0.08 percent or more by weight of alcohol in the blood of the person as shown by chemical analysis of the breath or blood of the person made under ORS 813.100, 813.140 or 813.150 ;
"(b) Is under the influence of intoxicating liquor, cannabis, a controlled substance or an inhalant; or
"(c) Is under the influence of any combination of intoxicating liquor, cannabis, a controlled substance and an inhalant."
CRS section 42-4-1301 is Colorado's general driving while intoxicated statute. It identifies a number of alternative means of proving the offense, including, as is relevant for our purposes, driving while ability impaired, CRS section 42-4-1301(1)(b), the provision under which defendant was convicted. It provides:
"It is a misdemeanor for any person who is impaired by alcohol or by one or more drugs, or by a combination of alcohol and one or more drugs, to drive ***."
CRS § 42-4-1301(1)(b).
Under State v. Mersman , 216 Or. App. 194, 203-04, 172 P.3d 654 (2007), rev. den. , 344 Or. 390, 181 P.3d 770 (2008), another state's statute constitutes a statutory counterpart to an Oregon statute if "the statutes are either remarkably similar or have the same use, role, or characteristics." As our decision in Donovan illustrates, that standard is met here. At issue in Donovan was whether New York Vehicle and Traffic Law (VTL) section 1192(1) was a statutory counterpart to ORS 813.010. VTL section 1192(1), which punishes the infraction of driving while impaired, provides that "[n]o person shall operate a motor vehicle while the person's ability to operate such motor vehicle is impaired by the consumption of alcohol." 243 Or. App. at 189, 256 P.3d 196. We determined that *145 VTL section 1192, including the specific subsection under which the defendant was convicted, VTL section 1192(1), was a statutory counterpart to ORS 813.010 because it had the same use, role, or characteristics: "Despite semantic differences or slight variations in scope, VTL section 1192 and ORS 813.010 share a common function and many of the same characteristics. Moreover, there is no counterpart to VTL section 1192(1) in Oregon law apart from ORS 813.010." Id. at 195, 256 P.3d 196. In so concluding, we rejected the defendant's argument that VTL section 1192(1) was not a statutory counterpart because that particular subsection proscribes the conduct of driving while impaired to a lesser degree than is required for conviction under ORS 813.010, and provides for lesser penalties for that conduct than the penalties that apply for violations of ORS 813.010. Id. at 189-90, 256 P.3d 196. We did so based on prior cases in which we had similarly rejected arguments that the fact that a statute punished some conduct that would not be punishable under ORS 813.010 means that the statute is not a statutory counterpart of ORS 813.010.[2] *227 Here, too, we reject defendant's argument that CRS section 42-4-1301(1)(b) cannot be a statutory counterpart to ORS 813.010 because, as defendant puts it, the subsection "defines a separate and lesser-included offense to DUII." CRS section 42-4-1301(1)(b) is not materially distinguishable from VTL section 1192(1). If VTL section 1192(1) is a statutory counterpart to ORS 813.010, and we held that *146 it was in Donovan , then it follows that CRS section 42-4-1301(1)(b) is, as well.
In all events, like ORS 813.010, CRS section 42-4-1301, including subsection (1)(b), is directed at proscribing impaired driving as a result of alcohol and/or drug consumption, and both statutes share the common function of comprising the general DUII statute in each respective jurisdiction. See Mersman , 216 Or. App. at 204, 172 P.3d 654 (noting the importance of the fact that both statutes at issue in that case were part of the general DUII statutes in their respective jurisdictions). Additionally, both statutes share the same characteristic of prohibiting an individual from operating a motor vehicle while under the influence of alcohol or drugs. As was the case in Donovan , although the statutes do not employ the same words, ORS 813.010 and CRS section 42-4-1301 prohibit substantially the same conduct.
In sum, "statutes need not be identical in order to be construed as statutory counterparts; it is sufficient that they have the same use, role, or characteristics." Donovan , 243 Or. App. at 198, 256 P.3d 196 (citing Mersman , 216 Or. App. at 203-04, 172 P.3d 654 ). For the reasons explained, CRS section 42-4-1301(1)(b) has the same use, role, and characteristics of ORS 813.010 and, therefore, is the statutory counterpart of ORS 813.010. The trial court did not err when it denied defendant's motion to exclude his prior convictions.
Affirmed.

Defendant received convictions under the statute in 2006 and 2010. The statute was amended between the convictions, and again after the 2010 conviction. The amendments are irrelevant for purposes of this opinion. All subsequent references to the statute are to the 2010 version.

In Mersman , we rejected the defendant's argument that his two prior Alaska convictions did not qualify as convictions under a statutory counterpart of ORS 813.010 because the Alaska statute under which he was convicted criminalized a broader range of conduct than ORS 813.010. We observed that, "despite the two differences in substantive scope between the statutes," the statutes were statutory counterparts and that "[t]he universe of statutory counterparts is not limited to statutes that have identical elements and, therefore, are duplicates. It is sufficient that, in keeping with the ordinary meaning of 'counterpart,' the statutes are either remarkably similar or have the same use, role, or characteristics." 216 Or. App. at 203-04, 172 P.3d 654.
In State v. Rawleigh , 222 Or. App. 121, 128, 192 P.3d 292 (2008), we rejected the defendant's argument that the Washington statute under which he had been convicted was not a statutory counterpart to ORS 813.010 because it criminalized behavior that ORS 813.010 did not, observing that, "[e]ven assuming that there are dissimilarities between RCW 46.61.502 and ORS 813.010, nevertheless, RCW 46.61.502 is Washington's general DUII statute, that is, its statute criminalizing the operation or driving of a motor vehicle while under the influence of intoxicants. *** As in Mersman , those common uses, roles, and characteristics are sufficient, despite the possible differences in the substantive scope ***."