PER CURIAM
*553 Defendant appeals a judgment of conviction for felony driving under the influence of intoxicants (DUII), ORS 813.010 and ORS 813.011, reckless driving, ORS 811.140, and recklessly endangering another person, ORS 163.195, raising two assignments of error. Defendant's DUII conviction is a felony because he had two prior convictions for driving under the influence in the past 10 years, one from California and one from Kansas. ORS 813.011(1). ORS 813.011(1) states that "[d]riving under the influence of intoxicants under ORS 813.010 shall be a Class C felony if the defendant has been convicted of driving under the influence of intoxicants in violation of ORS 813.010, or its statutory counterpart in another jurisdiction, at least two times in the 10 years prior to the date of the current offense."
In his first assignment of error, defendant asserts that the trial court erred by denying his motion to exclude his Kansas conviction for driving under the influence; in defendant's view, the Kansas statute under which he was convicted was not a statutory counterpart *388 to ORS 813.010. Defendant's contention is predicated on the argument that State v. Mersman , 216 Or. App. 194, 172 P.3d 654 (2007), rev. den. , 344 Or. 390, 181 P.3d 770 (2008), is no longer good law because it was implicitly overruled by the Supreme Court in State v. Carlton , 361 Or. 29, 388 P.3d 1093 (2017), and that, under Carlton , the Kansas statute is not a statutory counterpart. We disagree that Carlton overruled Mersman. Moreover, the trial court did not err when it concluded that, under Mersman , the Kansas statute is a statutory counterpart to ORS 813.010. We therefore reject defendant's first assignment of error. Cf. State v. Heckler , 294 Or. App. 142, 146, 430 P.3d 224 (2018) (relying in part on Mersman and holding that a Colorado DUII statute was the statutory counterpart of ORS 813.010 ). We reject defendant's second assignment of error without discussion.
Affirmed.