Argued and submitted October 14, 2014, affirmed May 11, 2016

In the Matter of the Suspension of
the Driving Privileges of

Patrick MARTINI,
*Petitioner-Respondent,*

*v.*

DRIVER AND MOTOR
VEHICLE SERVICES (DMV),
a Branch of the Oregon
Department of Transportation,
*Respondent-Appellant.*

Multnomah County Circuit Court
120404286; A152468

373 P3d 1227

Judy C. Lucas, Assistant Attorney General, argued the cause for appellant. With her on the briefs were Ellen F.

Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Neil Weingart argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

**ORTEGA, P. J.**

The Driver and Motor Vehicle Services Divison of the Department of Transportation (DMV) appeals a circuit court judgment that modified the DMV's final order suspending petitioner's driving privileges for one year. The issue on appeal is the proper interpretation of ORS 813.430(2)(b)(C), which subjects a person to an increased license suspension for failing a breath test if the person has a recent "driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content." The DMV contends that the statute applies when a person has been convicted of *any* driving offense in another jurisdiction *while* the person had a blood alcohol content (BAC) above the jurisdiction's allowable limit, even if the person is not convicted of an offense that includes a BAC limit as part of the offense. The circuit court, on appeal of the DMV's final order that imposed an increased suspension of petitioner's driving privileges, disagreed with the DMV, and adopted petitioner's understanding of the statute—that an increased suspension under ORS 813.430(2)(b)(C) is allowed only when a person is convicted of a driving offense that includes as an element a BAC limit. Accordingly, the circuit court declined to impose an increased suspension and reversed the DMV's order. We review the DMV's order directly to determine whether the DMV correctly applied the law and whether the order is supported by substantial evidence. *Coulter v. DMV*, 168 Or App 442, 444, 4 P3d 89 (2000). We agree with the circuit court and affirm.

The relevant facts are undisputed. In March 2011, petitioner, who has an Oregon driver license, was stopped in Illinois for suspicion of driving under the influence of intoxicants (DUII). He failed a breath test and was charged with DUII for operating a motor vehicle with a BAC above the limit for Illinois. Petitioner, pursuant to a plea agreement, was convicted of reckless driving. As relevant here, reckless driving in Illinois is committed when a person "drives any vehicle with a willful or wanton disregard for the safety of persons or property." 625 Ill Comp Stat 5/11-503. Thus, defendant's conviction involved an Illinois statute that

contains no reference to alcohol, impairment, or the legal BAC limit.

In December 2011, an officer stopped petitioner on a public highway in Oregon for traffic infractions. The officer suspected petitioner of DUII, ORS 813.010, and a subsequently administered breath test disclosed a BAC of 0.13 percent, well above the legal limit of 0.08 percent. Petitioner was arrested for DUII. As required under ORS 813.100, the arresting officer sent the DMV notice that petitioner had failed the breath test. The DMV proposed to suspend petitioner's driving privileges and served petitioner with a notice of suspension. Petitioner requested a hearing before an administrative law judge (ALJ).

The issue at the hearing was whether the DMV had grounds to increase petitioner's suspension from 90 days to one year under ORS 813.430. ORS 813.420(3) provides that, unless an increase in suspension time is warranted by a reason described in ORS 813.430, a suspension for failing a breath test is for a period of 90 days. If any of the grounds listed in ORS 813.430 are present, the DMV must increase the suspension to one year. ORS 813.420(4).

ORS 813.430 provides, in part, that a person is subject to an increase in suspension time if:

"(2)   Within the five years preceding the date of arrest any of the following occurred:

"(a)   A suspension of the person's driving privileges under ORS 813.410 or 482.540 (1981 Replacement Part) became effective.

"(b)   The person was convicted of:

"(A)   Driving while under the influence of intoxicants in violation of:

"(i)   ORS 813.010;

"(ii)   The statutory counterpart to ORS 813.010 in another jurisdiction; or

"(iii)   A municipal ordinance in this state or another jurisdiction;

"(B) A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, a controlled substance, an inhalant or any combination thereof; or

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content.

"* * * * *

"(3) For the purposes of subsection (2)(b) of this section, a conviction for a driving offense in another jurisdiction based solely on a person under 21 years of age having a blood alcohol content that is lower than the permissible blood alcohol content in that jurisdiction for a person 21 years of age or older does not constitute a prior conviction."

The DMV asserted that, under ORS 813.430(2)(b)(C), petitioner's driving privileges were subject to an increased suspension because of petitioner's reckless driving conviction in Illinois. The ALJ agreed and ordered the DMV to suspend petitioner's driving privileges for one year.

Petitioner appealed the order in the circuit court, arguing that his reckless driving conviction in Illinois was not a driving offense that involved operating a motor vehicle while having a BAC above the legal limit in Illinois. Petitioner asserted that, in determining whether to impose the increased suspension, ORS 813.430(2)(b)(C) limits the DMV's inquiry to the elements of the offense under Illinois law, without regard to the underlying facts that led to his Illinois conviction. The circuit court agreed with petitioner, concluding that, because the reckless driving statute in Illinois does not include a BAC limit, the offense that petitioner was convicted of did not involve "operating a vehicle while having a BAC above Illinois's legal limit." The court rejected the DMV's position that, because petitioner was *in fact* driving with an elevated BAC, he was convicted of a driving offense that involved operating a vehicle while having a BAC above the permissible limit.

The DMV appeals, arguing that the circuit court improperly interpreted ORS 813.430(2)(b)(C). To resolve

the issue, we determine the legislature's intent by applying the statutory interpretation methodology described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). Accordingly, we begin with the text and context of the statute, which are the best indications of the legislature's intent. If appropriate, we consider any relevant legislative history and, if the statute's meaning remains unclear, we may resort to general maxims of statutory construction. *Id.*

The DMV argues that, when the text of ORS 813.430(2)(b)(C) is examined within the context of the entire statute, the DMV's interpretation is consistent with the legislature's intent. The DMV points out that ORS 813.430(2)(b) provides three distinct grounds for enhancing a suspension: (A) conviction of DUII in violation of ORS 813.010 or its "statutory counterpart" in another jurisdiction, (B) conviction of a DUII offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, a controlled substance, an inhalant, or any combination thereof, or (C) conviction of a driving offense in another jurisdiction that involved operating a vehicle while having an impermissible BAC. The DMV claims that nothing in the text of ORS 813.430(2)(b)(C) requires the out-of-state "driving offense" to include *as an element* of the offense "having a blood alcohol level above the legal limit." The DMV maintains that, if the legislature had intended for subparagraph (C) to be limited to only DUII offenses in other jurisdictions, it could have stated as much, as it did in subparagraphs (A) and (B). Moreover, the DMV argues that interpreting ORS 813.430(2)(b) as the circuit court has done makes subparagraph (C) redundant of subparagraph (A). That is, if the legislature intended for subparagraph (C) to apply to only out-of-state statutes that contain a BAC limit, then that provision is redundant of subparagraph (A), which already covers violations of out-of-state DUII statutes.

Petitioner counters that the text of subparagraph (C) indicates that it is intended to apply only when the petitioner has an out-of-state conviction for an offense that has, as a component of the offense, a BAC limit. That is, the text of the statute indicates that it applies only when the elements of *the driving offense* include operating a vehicle while

having a BAC that is above the jurisdiction's permissible limit. Petitioner relies heavily on the legislative history of the statute, asserting that it supports his interpretation.

As explained below, even assuming that the DMV's reading of the plain text of ORS 813.430(2)(b)(C) is plausible, we conclude that the more reasonable understanding of the legislature's intent, particularly in light of the legislative history, is the interpretation advanced by petitioner and adopted by the circuit court.

We begin briefly with the text of the statute. Although perhaps not a model of clarity, the text of subparagraph (C) can certainly be understood in the manner asserted by petitioner. That is, a natural reading of the syntax of subparagraph (C) supports petitioner's view that *the driving offense* must "involve[] operating a vehicle while having" a BAC above the state's permissible limit, rather than simply committing any driving offense while the person had an illegal BAC. Ultimately, that understanding of the statute is confirmed by the legislative history, which we examine in detail.

In 2007, the legislature amended the provisions in the Oregon Vehicle Code that required enhanced consequences for DUII when the person had prior DUII convictions. Those amendments were, at least in large part, motivated by our decision in *State v. Ortiz*, 202 Or App 695, 124 P3d 611 (2005).

In *Ortiz*, we interpreted ORS 813.010(5) (2005), *amended by* Or Laws 2007, ch 879, § 3, which provided that a DUII offense is a felony "if the defendant has been convicted of [DUII] in violation of this section or its statutory counterpart in another jurisdiction" at least three times in the preceding 10 years. 202 Or App at 697. The defendant had been convicted in Idaho on three different occasions of offenses involving driving while intoxicated. One of the convictions was for violating Idaho's "zero tolerance" statute—a statute that made it unlawful for a person under 21 years of age to drive with a BAC of at least 0.02 percent but less than 0.08 percent. *Id.* The issue in *Ortiz* was whether the defendant's "zero tolerance" conviction counted as a violation of Idaho's "statutory counterpart" to Oregon's DUII statute. We

concluded that "statutory counterpart" in ORS 813.010(5) meant out-of-state statutes that were a counterpart to ORS 813.010, not to other Oregon statutes that addressed using intoxicants and driving. *Id.* at 701. Therefore, Idaho's "zero tolerance" statute was not a counterpart to Oregon's DUII statute; rather it was a counterpart to Oregon's "zero tolerance" law. *Id.* We thus held that the defendant's Idaho "zero tolerance" conviction did not qualify as a prior DUI offense that could elevate the defendant's then-current offense to a felony under ORS 813.010. *Id.*

Because of variations in the DUII laws of other states, *Ortiz* apparently resulted in inconsistent treatment of prior offenses by Oregon circuit courts in DUII cases, particularly in cases involving whether California and Washington statutes were "statutory counterparts" to ORS 813.010. Testimony, Senate Committee on Judiciary, SB 810, Apr 18, 2007, Ex I (statement of District Attorney Michael D. Schrunk); Tape Recording, Senate Committee on Judiciary, SB 810, Apr 18, 2007, Tape 106, Side A (statement of John Bradley). As a result, in 2007, changes to the vehicle code to address *Ortiz* were introduced to the legislature on behalf of Multnomah County District Attorney Schrunk.[1] Although *Ortiz* only addressed ORS 813.010(5), several statutes in the vehicle code, including the statute at issue in the case before us, provided increased consequences for a DUII conviction if the defendant had been convicted of a prior DUII in Oregon, or a DUII under another jurisdiction's "statutory counterpart" to ORS 813.010. *See* ORS 809.235(1)(b) (2005), *amended by* Or Laws 2007, ch 879, § 4 (permanent revocation of driving privileges for third DUII conviction); ORS 809.730(1)(a) (2005), *amended by* Or Laws 2007, ch 879, § 5 (providing for seizure and forfeiture of vehicle for second DUII arrest or citation within three years); ORS 813.215(1) (2005), *amended by* Or Laws 2007, ch 879, § 10 (precluding diversion because of a pending DUII); ORS 813.220(7) (2005), *amended by* Or Laws 2007, ch 879, § 7 (precluding

---

[1] Initially, the proposed amendments were introduced in Senate Bill (SB) 810 (2007). However, the amendments were later incorporated into House Bill (HB) 2651 (2007). And it was HB 2651 that was eventually passed by the legislature and enacted into law. Therefore, for ease of reference, we refer to HB 2651 as the relevant legislation throughout this opinion.

diversion if the defendant is charged or convicted of DUII after filing a petition for a diversion agreement); ORS 813.430(2)(b) (2005), *amended by* Or Laws 2007, ch 879, § 8 (increasing suspension of driving privileges for DUII within five years).

Testimony in support of the proposed amendments indicated that the changes were requested because *Ortiz* had resulted in increased litigation and uncertainty over out-of-state DUII convictions. As we have previously noted, the stated purpose of the amendments was to "counteract inconsistent interpretations of [the statutory counterpart] provision in the trial courts resulting from variation among the DUII laws of other states." *State v. Donovan*, 243 Or App 187, 197, 256 P3d 196 (2011).

Accordingly, the legislature amended all of those statutes in essentially the same manner. Because it is pertinent to the case before us, we focus on the changes to ORS 813.430. ORS 813.430(2)(b) (2005) provided that an increased suspension of driving privileges was mandated if, within the past five years, the defendant was convicted of "driving under the influence of intoxicants in violation of ORS 813.010 or its statutory counterpart in another jurisdiction." The legislature amended that provision, and replaced it with the text that is now in ORS 813.430(2)(b)— an increased suspension is required if, within the previous five years, the person was convicted of:

"(A)  Driving while under the influence of intoxicants in violation of:

"(i)  ORS 813.010;

"(ii)  The statutory counterpart to ORS 813.010 in another jurisdiction; or

"(iii)  A municipal ordinance in this state or another jurisdiction;

"(B)  A driving under the influence of intoxicants offense in another jurisdiction that involved the impaired driving of a vehicle due to the use of intoxicating liquor, a controlled substance, an inhalant or any combination thereof; or

"(C) A driving offense in another jurisdiction that involved operating a vehicle while having a blood alcohol content above that jurisdiction's permissible blood alcohol content.

"\* \* \* \* \*

"(3) For the purposes of subsection (2)(b) of this section, a conviction for a driving offense in another jurisdiction based solely on a person under 21 years of age having a blood alcohol content that is lower than the permissible blood alcohol content in that jurisdiction for a person 21 years of age or older does not constitute a prior conviction."

As we noted in *Donovan*, a case addressing identical amendments in HB 2651 to ORS 813.215(1), "broadly speaking, the legislature intended subparagraphs (B) and (C) to guard against judicial overemphasis on the slight variations in how other jurisdictions package their DUII laws." 243 Or App at 197. In particular, testimony by proponents of HB 2651 highlighted some of the variations between Oregon's DUII statute and the DUII statues of other western states. Testimony, Senate Committee on Judiciary, SB 810, Apr 18, 2007, Ex I (statement of District Attorney Michael D. Schrunk). Notably, the testimony demonstrated that some states had lower BAC limits when driving commercial vehicles, driving with a passenger less than 16 years old, or when driving as a juvenile. *Id.* There was also concern expressed that the phrase "statutory counterpart" would not encompass convictions for driving while impaired, or convictions under out-of-state statutes that described "impairment" in a way that was different from "impairment" under Oregon law. *Id.* Similarly, the testimony also indicated that HB 2651 was intended to sweep in out-of-state convictions under statutes that varied from Oregon's DUII laws, but were still considered DUII convictions in those states. Tape Recording, Senate Committee on Judiciary, SB 810, Apr 18, 2007, Tape 106, Side A (statement of John Bradley).

Accordingly, it is apparent from the legislative history that the legislature's intent in HB 2651 was narrow in scope—*i.e.*, the legislature intended to address the effects of *Ortiz* by clarifying that variations in out-of-state DUII laws would not put convictions under those statutes outside

the scope of ORS 813.430 and other statutes that increased punishment for DUII when the person had prior DUII convictions. That understanding of the legislative intent undermines the DMV's assertion that the circuit court's interpretation of the statute renders subparagraph (C) redundant of subparagraph (A). We noted in *Donovan* that

> "subparagraphs (B) and (C) apply to foreign statutes that are not in that jurisdiction's 'general' DUII statute—typically an omnibus statute prohibiting DUII and providing alternative means of proving that a person is guilty of DUII—but, instead, are stand-alone provisions or other variants of DUII that might not be captured by the 'statutory counterpart' provision in subparagraph (A). That construction is consistent with our application of the statutory counterpart provision to general DUII statutes and gives independent meaning to subparagraphs (B) and (C)."

243 Or App at 196. Moreover, the inclusion of subparagraph (B) is responsive to the expressed concern that "statutory counterpart" would not encompass "driving while impaired" convictions in other states, and subparagraph (C) is responsive to the issue of out-of-state statutes that include lower legal BAC limits when driving commercial vehicles or when a juvenile is a passenger.

Notably, there is no indication in the legislative history that the legislature intended HB 2651 to authorize the DMV to reach beyond the elements of out-of-state DUII statutes for purposes of increased consequences and look at the underlying facts of *any* driving offense to determine if the driver was in fact driving with an elevated BAC.

Given the context that the legislative history provides to the text of ORS 813.430(2)(b), under ORS 813.430 (2)(b)(C), a person is subject to an increased suspension only when the person is convicted of a driving offense in another jurisdiction, and the offense, as defined by the statute in that jurisdiction, involves driving with a BAC above the statutory limit. Here, because petitioner's reckless driving conviction in Illinois did not involve violating such a statute, he was not subject to increased suspension under ORS 813.430(2)(b)(C).

In sum, an increased suspension under ORS 813.430 (2)(b)(C) is allowed only when a person is convicted of a driving offense that includes as an element the violation of a BAC limit. The DMV erred in concluding otherwise and, consequently, erred in imposing an increased suspension of petitioner's driving privileges. The trial court correctly reversed and remanded the DMV's order.

Affirmed.