On appellant's and respondent's joint motion for remand filed March 10, reversed and remanded in part; otherwise affirmed May 1, 2003

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWIN DEAN GUNTER,
*Appellant.*

C002014CR; A117297

67 P3d 996

Andrew Chilton and Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, for motion.

Before Brewer, Presiding Judge, and Deits, Chief Judge, and Wollheim, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction and sentence for rape in the first degree. The trial court determined that defendant's criminal history score was a B based on an Oregon conviction and a California juvenile adjudication. Defendant argues that his correct criminal history score is a C. The state agrees. Pursuant to ORS 138.227(1), the parties jointly move for remand to the trial court for resentencing. We grant the motion and remand.

Defendant's California juvenile adjudication was for a violation of the California penal code prohibiting lewd acts with a minor. Under the California statute, a person may be convicted for touching any part of the victim. *See People v. Martinez*, 11 Cal 4th 434, 903 P2d 1037 (1995). Below, the state argued that sexual abuse in the first degree was similar. However, because sexual abuse in the first degree requires sexual contact, ORS 163.427(1), and sexual contact is defined as touching a "sexual or other intimate parts," ORS 163.305(6), the two statutes are not similar. The trial court should not have considered the California juvenile adjudication in determining defendant's criminal history. *State v. Provencio*, 153 Or App 90, 93-94, 955 P2d 774 (1998).

Reversed and remanded for resentencing; otherwise affirmed.