Argued and submitted June 27, affirmed October 15, 2008, petition for review denied January 29, 2009 (345 Or 690)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREW DOUGLAS ESCALERA,
aka Andrew Escalera,
*Defendant-Appellant.*

Multnomah County Circuit Court
060130159; A133736

194 P3d 883

Kenneth A. Kreuscher, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter

Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Denis M. Vannier, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Pamela J. Walsh, Assistant Attorney General.

Before Sercombe, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant appeals a judgment imposing, pursuant to ORS 137.717(1)(b), a presumptive 13-month prison sentence on his conviction for unauthorized use of a vehicle.[1] At issue is whether defendant's previous conviction for residential burglary in Washington was for a "comparable offense," within the meaning of ORS 137.717(4)(b), to first-degree burglary under ORS 164.225.[2] We review for errors of law, ORS 138.222(4)(b), and affirm.

Defendant pleaded no contest to one count of unauthorized use of a vehicle, ORS 164.135, and one count of felony fleeing or attempting to elude a police officer, ORS 811.540(1)(b)(A). Because defendant had a previous residential burglary conviction in Washington, the state sought a repeat property offender sentence of 13 months' imprisonment under ORS 137.717(1)(b) for the unauthorized use of a vehicle conviction. Defendant objected to the sentence on the ground that Washington's residential burglary statute was not comparable to ORS 164.225, because Washington law defines "dwelling" more broadly than does Oregon law. Defendant argued that the meaning of "comparable offenses" in ORS 137.717(4)(b) "equated to the definition outlined in OAR 213-004-0011(3), which includes out-of-state convictions if the elements of the offense would have constituted an

---

[1] ORS 137.717(1)(b) provides, in part:

"When a court sentences a person convicted of:

"* * * * *

"(b)  * * * unauthorized use of a vehicle under ORS 164.135 * * * the presumptive sentence is 13 months of incarceration, unless the rules of the Oregon Criminal Justice Commission prescribe a longer presumptive sentence, if the person has:

"(A)  A previous conviction for * * * burglary in the first degree under ORS 164.225[.]"

[2] ORS 137.717 also provides, in part:

"(4)  As used in this section, 'previous conviction' includes:

"* * * * *

"(b)  Convictions entered in any other state or federal court for comparable offenses.

"* * * * *

"(6)  For purposes of this section, previous convictions must be proven pursuant to ORS 137.079."

offense under Oregon law." The trial court nonetheless imposed the presumptive sentence after concluding that defendant's Washington conviction for residential burglary was for an offense "comparable" to first-degree burglary under ORS 164.225.

■ On appeal, the parties reiterate their arguments before the trial court. Those arguments present a question of statutory interpretation. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). We begin with a review of the pertinent statutory framework. ORS 137.717(1)(b) authorizes the imposition of a presumptive sentence of 13 months' imprisonment where a defendant is convicted of, among other things, unauthorized use of a vehicle, ORS 164.135, and the defendant has a "previous conviction" for a crime listed in ORS 137.717(1)(b)(A). Among the crimes listed in ORS 137.717(1)(b)(A) is first-degree burglary. ORS 137.717(4)(b) provides that "previous conviction" includes "convictions entered in any other state or federal court for comparable offenses." ORS 137.717(6) provides that under ORS 137.717, "previous convictions must be proven pursuant to ORS 137.079." ORS 137.079(1), in turn, provides that:

> "A copy of the presentence report and all other written information concerning the defendant that the court considers in the imposition of sentence shall be made available to the district attorney, the defendant or defendant's counsel at least five judicial days before the sentencing of the defendant. All other written information, when received by the court outside the presence of counsel, shall either be summarized by the court in a memorandum available for inspection or summarized by the court on the record before sentence is imposed.[3]

---

[3] The remainder of ORS 137.079 provides:

"(2) The court may except from disclosure parts of the presentence report or other written information described in subsection (1) of this section which are not relevant to a proper sentence, diagnostic opinions which might seriously disrupt a program of rehabilitation if known by the defendant, or sources of information which were obtainable with an expectation of confidentiality.

"(3) If parts of the presentence report or other written information described in subsection (1) of this section are not disclosed under subsection (2) of this section, the court shall inform the parties that information has not been disclosed and shall state for the record the reasons for the court's action. The action of the court in excepting information shall be reviewable on appeal.

Thus, where a defendant has a previous out-of-state conviction and is convicted of one of the crimes listed in ORS 137.717(1)(b), a sentencing court must determine whether that out-of-state conviction was for an offense comparable to one of the offenses listed in ORS 137.717(1)(b)(A). In doing so, the sentencing court is obliged to follow the timelines and disclosure requirements set out in ORS 137.079.

With that background in mind, we turn to the issue at hand, the meaning of "comparable offenses" under ORS 137.717(4)(b). "[O]ffenses" is defined by ORS 161.505 as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state." "Comparable" is not statutorily defined. However, its ordinary meaning is "[c]apable of being compared: **a:** having enough like characteristics or qualities to make comparison appropriate." *Webster's New Third Int'l Dictionary* 461 (unabridged ed

---

"(4) A defendant who is being sentenced for felonies committed prior to November 1, 1989, may file a written motion to correct the criminal history contained in the presentence report prior to the date of sentencing. At sentencing, the court shall consider defendant's motion to correct the presentence report and shall correct any factual errors in the criminal history contained in that report. An order allowing or denying a motion made pursuant to this subsection shall not be reviewable on appeal. If corrections are made by the court, only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077.

"(5)(a) The provisions of this subsection apply only to a defendant being sentenced for a felony committed on or after November 1, 1989.

"(b) Except as otherwise provided in paragraph (c) of this subsection, the defendant's criminal history as set forth in the presentence report shall satisfy the state's burden of proof as to the defendant's criminal history.

"(c) Prior to the date of sentencing, the defendant shall notify the district attorney and the court in writing of any error in the criminal history as set forth in the presentence report. Except to the extent that any disputed portion is later changed by agreement of the district attorney and defendant with the approval of the court, the state shall have the burden of proving by a preponderance of evidence any disputed part of the defendant's criminal history. The court shall allow the state reasonable time to produce evidence to meet its burden.

"(d) The court shall correct any error in the criminal history as reflected in the presentence report.

"(e) If corrections to the presentence report are made by the court, only corrected copies of the report shall be provided to individuals or agencies pursuant to ORS 137.077.

"(f) Except as provided in ORS 138.222, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal."

2002). Read together, "comparable offenses" refers to offenses that are capable of being compared with one another; that is, offenses having enough like characteristics or qualities to make comparison between them appropriate. Thus, the inquiry under ORS 137.717(4)(b) is directed to the text of both the foreign statute and the Oregon statute and asks whether the conduct criminalized by the Oregon statute shares enough like characteristics or qualities with the conduct criminalized by the foreign statute to make comparison between them appropriate.

Defendant's Washington conviction was for residential burglary. "A person is guilty of residential burglary if, with intent to commit a crime against a person or property therein, the person enters or remains unlawfully in a dwelling other than a vehicle." RCW 9A.52.025. ORS 164.225, in turn, provides that "[a] person commits the crime of burglary in the first degree if the person violates ORS 164.215 and the building is a dwelling." ORS 164.215 provides that, "[e]xcept as otherwise provided in ORS 164.255, a person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein."

■ Preliminarily, defendant argues that the trial court could not properly determine whether his Washington conviction was for a "comparable offense," because the charging instrument relating to that offense did not contain sufficient factual detail regarding the circumstances of the offense. However, in concluding that the Washington offense was comparable, the court explicitly disclaimed reliance on the charging instrument. In doing so, the court correctly framed its inquiry. The determination of comparability under ORS 137.717(4)(b) presents a legal question to be resolved by an examination of the text of the statutes under which a defendant has been convicted, not the charging instrument underlying the out-of-state conviction. *See generally State v. Rawleigh*, 222 Or App 121, 125, 192 P3d 292 (2008) (determination of whether foreign statute was a "statutory counterpart" resolved by examining the wording of each statute).

Defendant's principal argument is that, because "dwelling" has, in his view, been given a broader interpretation under Washington law than under Oregon law, RCW

9A.52.025 is not comparable to ORS 164.225.[4] Defendant's argument misses the mark. If the legislature had intended for the fit between the Oregon and foreign statutes to be identical, it could have said so; it did not, and we do not lightly discount its choice of a broad term such as "comparable." *See, e g., State v. Mersman,* 216 Or App 194, 203, 172 P3d 654 (2007), *rev den,* 344 Or 390 (2008) ("Where the legislature intends to require element matching or criminal equivalence * * * it knows how to explicitly say so.").

In that regard, the inquiry under ORS 137.717(4)(b) is similar to the inquiry required by ORS 813.010 for determining whether a foreign conviction was entered under a "statutory counterpart" of Oregon's DUII statute. *Cf. Rawleigh,* 222 Or App at 128 (concluding that, for purposes of diversion eligibility under ORS 813.215, Washington's general DUII statute is a "statutory counterpart" to Oregon's general DUII statute notwithstanding possible differences in the scope of its application). As we explained in *Rawleigh* and *Mersman,* a foreign statute is a "statutory counterpart" where the statute is "remarkably similar or ha[s] the same use, role or characteristics." *Rawleigh,* 222 Or App at 126; *Mersman,* 216 Or App at 203-04. If anything, the term "comparable offenses" is broader in scope than "statutory counterpart." Unlike the determination of whether statutes are "counterparts," comparability does not require that the foreign statute have the same use, role, or characteristics, but merely that it share enough like characteristics or qualities with an Oregon statute such that comparison between them is appropriate. RCW 9A.52.025, like ORS 164.225, is a felony burglary statute that criminalizes unlawful entry into a dwelling with the intent to commit a crime therein. That is sufficient, despite minor possible differences in scope, for the offenses to share enough like characteristics or qualities so as to make comparison between them appropriate.

Defendant remonstrates that ORS 137.717(6) requires that a previous conviction must be "proven pursuant

---

[4] In particular, defendant asserts that the Washington statute criminalizes conduct that "occurs in 'fenced areas' and in all 'train cars' or 'cargo containers.' " In contrast, the Oregon statute does not proscribe conduct in fenced areas and only proscribes conduct in train cars or cargo containers that have been specially adopted for overnight sleeping or business activities.

to ORS 137.079." According to defendant, the reference to ORS 137.079 demonstrates that the legislature intended the determination of whether out-of-state convictions are previous convictions under ORS 137.717(4)(b) to be governed by the sentencing guidelines, and, in particular, OAR 213-004-0011(1). That rule provides that, in calculating criminal history under the guidelines, "[a]n out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law." Defendant further reasons that, because the term "dwelling" has been construed more broadly under the Washington statute than under the Oregon statute, the two statutes have different elements. We need not decide whether the latter assertion is correct because, even if it is, the quoted rule does not govern the issue at hand.

ORS 137.079 prescribes the procedure by which the fact of a previous conviction must be proved, including the procedure for setting out and challenging criminal history under the felony sentencing guidelines, and the state's burden of proof in a determination of criminal history. ORS 137.079(4), (5). Thus, the reference in ORS 137.717(6) to 137.079 is similarly procedural. Nothing in either of those provisions refers to OAR 213-004-0011(1) or the test for determining whether an out-of-state conviction is for a comparable offense to a qualifying previous offense under Oregon law. Moreover, ORS 137.717(4)(b) is concerned with the particular issue of sentence enhancement for repeat property offenders and requires only that the previous conviction be for a "comparable offense." OAR 213-004-0011(1) in contrast addresses the broader issue of calculating criminal history under the sentencing guidelines and requires that the "*elements* of the offense [constituting the prior conviction] * * * have constituted a felony or Class A misdemeanor under current Oregon law." (Emphasis added.) Again, if the legislature had intended the inquiry under ORS 137.717(4)(b) to be the same as that required by OAR 213-004-0011, it could have expressly required element matching, not comparability. *Cf. Mersman*, 216 Or App at 203; *State v. Young*, 183 Or App 400, 407, 52 P3d 1102 (2002) (holding, in a different context, that, where there is a conflict between ORS 137.717 and the

requirements of the sentencing guidelines, "ORS 137.717 must prevail"). It is significant that it did not do so.

Because the trial court correctly concluded that defendant's Washington residential burglary conviction was for a comparable offense to the offense of first-degree burglary in Oregon, the trial court did not err in imposing a presumptive repeat property offender sentence for defendant's current conviction.

Affirmed.