Argued and submitted May 28, 2014, affirmed December 2, 2015, petition for review allowed June 16, 2016 (359 Or 777)
See later issue Oregon Reports

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DONOVAN ROBERT CARLTON,
aka Norman Spencer,
*Defendant-Appellant.*

Josephine County Circuit Court
10CR0836; A150855

364 P3d 347

Ingrid A. MacFarlane, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Rolf C. Moan, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant was convicted of three counts of first-degree sexual abuse and was sentenced to life in prison without the possibility of release or parole, a "true life sentence." ORS 163.427;[1] ORS 137.719(1).[2] On appeal, defendant raises three assignments of error challenging his conviction and sentencing. We reject without further discussion defendant's first and third assignments, which relate to his conviction, writing to address only his second assignment of error, which challenges his sentence. In that assignment, defendant argues that the trial court erred by relying on two prior felony offenses from California to impose a presumptive "true life sentence" under ORS 137.719. According to defendant, California Penal Code section 288 (CPC 288), the statute under which he was convicted in California, is not "comparable" to ORS 163.427 for sentencing purposes under ORS 137.719. We reject defendant's contention and, accordingly, we affirm.

We review defendant's sentence for legal error. ORS 138.222(4)(b); *State v. Escalera*, 223 Or App 26, 28, 194 P3d 883 (2008), *rev den*, 345 Or 690 (2009).

The pertinent facts are undisputed. After a jury trial, defendant was convicted of three counts of first-degree sexual abuse under ORS 163.427, an offense that carries a mandatory minimum sentence of 75 months in prison. ORS 137.700(2)(a)(P). Before sentencing, the state submitted a memorandum recommending that the trial court apply ORS 137.719, which provides:

"(1) The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for

---

[1] ORS 163.427 provides, in part:

"(1) A person commits the crime of sexual abuse in the first degree when that person:

"(a) Subjects another person to sexual contact and:

"(A) The victim is less than 14 years of age[.]"

[2] In *State v. Davidson*, 271 Or App 719, 353 P3d 2 (2015), we held ORS 137.719(1) was unconstitutional as applied to the defendant. Defendant in this case does not raise an as-applied challenge to the statute.

sex crimes that are felonies at least two times prior to the current sentence.

"* * * * *

"(3)   For purposes of this section:

"* * * * *

"(b)   A prior sentence includes:

"(A)   Sentences imposed before, on or after July 31, 2001; and

"(B)   Sentences imposed by any other state or federal court for *comparable* offenses.

"(4)   As used in this section, 'sex crime' has the meaning given that term in ORS 181.805."

(Emphasis added.) To show that the statute was applicable, the state cited defendant's 1986 and 1993 convictions for felony lewd acts with a child under 14 (CPC 288).[3] The state noted that defendant also had a 1991 California conviction for willful cruelty to a child and a 2001 Idaho conviction for attempted injury to a child.

In his written response and at the sentencing hearing, defendant argued that his conviction was not subject to the presumptive sentence imposed by ORS 137.719(1). Defendant claimed that CPC 288 and ORS 163.427 are not comparable offenses because, unlike the Oregon statute, the California statute does not have a "sexual contact"[4] requirement, and is, therefore, much broader in scope. Defendant contended that in California, for example, "you can pat a child on the head and that gets you to lewd and lascivious conduct * * * if they find the other elements."

---

[3] CPC 288 provides, in part:

"(a) Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child, is guilty of a felony and shall be punished by imprisonment in the state prison for three, six, or eight years."

[4] "Sexual contact" is defined as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party." ORS 163.305(6).

The trial court adopted the state's recommendation. Relying on the definition of "comparable" in *Escalera*, the trial court concluded that the statutes were comparable because they were "aimed at the same wrong," despite their clear differences in scope. Thus, it found that defendant had "been convicted [on] at least two prior occasions in other jurisdictions of comparable crimes and *** [was] subject to ORS 137.719," and imposed a true life sentence on each count.

On appeal, the parties reiterate the arguments made before the trial court. Defendant maintains that the trial court erred by imposing a true life sentence under ORS 137.719 because the California and Oregon statutes are "markedly different" in breadth. Defendant points out that, in *Escalera*, "comparable offenses" were defined as those "'having enough like characteristics or qualities to make comparison between them appropriate.'" Thus, defendant claims that the question presented on appeal is whether the California and Oregon statutes share enough like characteristics or qualities to make their comparison appropriate. According to defendant, they do not; he argues that CPC 288 "proscribe[s] simple pats on a child's head or placing an arm around a child's shoulder if that conduct is performed with a sexual purpose," whereas ORS 163.305(6) narrowly proscribes contact with "the sexual or intimate parts of the child or of the actor." In support of that argument, defendant cites *State v. Gunter*, 187 Or App 461, 67 P3d 996 (2003), where we held that ORS 163.427 and CPC 288 were not "similar" for the purpose of determining a defendant's criminal history score, given that ORS 163.427 requires sexual contact and CPC 288 does not.

The state's response on appeal is two-pronged. First, the state argues that, for ORS 137.719 to apply, the defendant must have been previously sentenced for at least two felony "sex crimes," which could be any of the crimes listed under ORS 181.805.[5] Those crimes include rape, sodomy, unlawful penetration, sexual abuse, incest, kidnapping, etc. ORS 181.805(5)(a) - (f). According to the state, "so long [as] a defendant was sentenced at least twice

---

[5] The state cites ORS 181.594 in its brief. However, in 2013, that statute was renumbered by Legislative Counsel as ORS 181.805. Because the relevant text remained identical, we include the updated number.

before for offenses that are 'comparable' to *any* Oregon sex crime, ORS 137.719 prescribes a presumptive life sentence; it does not require courts to compare the prior offense to the *particular* offense for which the defendant currently is being sentenced." (Emphasis original.) In addition, the state contends that criminal offenses may qualify as comparable even if the elements of the foreign statute and the Oregon statute do not "match precisely." Thus, the second part of the state's argument addresses whether the CPC 288 offense is comparable to any one of Oregon's felony sex crimes. The state claims that it is. Specifically, the state argues that the felony described in CPC 288 is comparable to the Oregon felonies of first-degree sexual abuse, ORS 163.427, and attempted first-degree sexual abuse, ORS 161.405 and ORS 163.427. The state contends that CPC 288 is comparable to Oregon's first-degree sexual abuse statute because both "reflect a legislative focus on conduct that is motivated by an intent to sexually exploit a child under 14." Similarly, the state argues that CPC 288 is comparable to the statute for attempted first-degree sexual abuse because both offenses proscribe "initiat[ing] physical contact with a victim under 14 with the intention of gratifying [the offender's] own sexual desires." Accordingly, the state claims the trial court was correct in imposing a true life sentence.

Because the trial court concluded that defendant's prior California offenses under CPC 288 were comparable to the offense of first-degree sexual abuse in Oregon under ORS 163.427, we address only that question. That issue presents a question of statutory interpretation. *See Escalera*, 223 Or App at 29 (engaging in statutory interpretation to determine the meaning of "comparable").

We begin by examining the text and context of ORS 137.719 to interpret the meaning of "comparable," which is not statutorily defined. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). In *Escalera*, where we interpreted an analogous criminal statute, we adopted the ordinary meaning of "comparable" and concluded that comparable offenses[6] are those that have "enough like characteristics or

---

[6] "Offense" is statutorily defined as "conduct for which a sentence to a term of imprisonment or to a fine is provided by any law of this state or by any law or ordinance of a political subdivision of this state." ORS 161.505.

qualities to make comparison between them appropriate." 223 Or App at 30-31 (relying on *Webster's New Third Int'l Dictionary* 461 (unabridged ed 2002)). We examined ORS 137.717(1)(b) which "authorizes the imposition of a presumptive sentence of 13 months' imprisonment where a defendant is convicted of, among other things, unauthorized use of a vehicle * * * and the defendant has a 'previous conviction' for a crime listed in ORS 137.717(1)(b)(A)." *Id.* at 29. Under that statute, a "previous conviction" is defined as one "entered in any other state or federal court for *comparable* offenses." ORS 137.717(9)(b) (emphasis added). Thus, our analysis in that case also turned on the definition of "comparable." After defining the term, we explained that

> "the inquiry * * * is directed to the text of both the foreign statute and the Oregon statute and asks whether the conduct criminalized by the Oregon statute shares enough like characteristics or qualities with the conduct criminalized by the foreign statute to make comparison between them appropriate."

*Escalera*, 223 Or App at 31 (noting that "[t]he determination of comparability * * * presents a legal question to be resolved by an examination of the text of the statutes under which a defendant has been convicted, not the charging instrument underlying the out-of-state conviction").

In this case, we similarly conclude that, as used in ORS 137.719, "comparable" means having enough like characteristics or qualities to make comparison appropriate. Thus, the issue is whether the conduct criminalized by ORS 163.427 shares enough like characteristics or qualities with the conduct criminalized by CPC 288 to make comparison between them appropriate. We conclude that it does.

To aid our discussion, we lay out the relevant statutes once more. ORS 163.427 provides, in part:

> "(1)  A person commits the crime of sexual abuse in the first degree when that person:
>
> "(a)  Subjects another person to sexual contact and:
>
> "(A)  The victim is less than 14 years of age[.]"

ORS 163.305(6) defines "sexual contact" as "any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

When read together, a person in Oregon is guilty of first-degree sexual abuse of a child if the person subjects a victim *under 14 years of age* to *any touching* of the victim's sexual or *other intimate parts* or causes the victim to touch the sexual or intimate parts of the person for the *purpose of arousing* or *gratifying* the *sexual desire* of *either party*.

CPC 288, in turn, provides:

"(a)   Except as provided in subdivision (i), any person who willfully and lewdly commits any lewd or lascivious act, including any of the acts constituting other crimes provided for in Part 1, *upon or with the body, or any part or member thereof,* of a child who is *under the age of 14 years,* with the *intent of arousing,* appealing to, or *gratifying* the lust, passions, or *sexual desires* of *that person or the child,* is guilty of a felony * * *."

(Emphases added.)

The text of ORS 163.427, read with the definition contained in ORS 163.305(6), and CPC 288 is similar in several respects. In general, both the Oregon and California statutes aim to proscribe physical contact with children under the age of 14 made with the intent of arousing or gratifying the sexual desires of the perpetrator or the victim. Furthermore, even though, unlike the Oregon statute, a conviction under CPC 288 does not require that a defendant touch a specific sexual or intimate part of a child, it nevertheless requires that the touching have a sexual purpose, *i.e.,* that it constitutes a "lewd and lascivious act." *See People v. Martinez,* 11 Cal 4th 434, 444, 45 Cal Rptr 2d 905, 903 P2d 1037 (1995) (explaining that "sexual gratification must be presently intended at the time such 'touching' occurs" but that a "lewd or lascivious act can occur through the victim's clothing and can involve 'any part' of the victim's body"). The statutes need not be identical given the broad definition of "comparable." *See Escalera,* 223 Or App at 32. It is sufficient that the statutes share enough like characteristics for

them to be worthy of comparison, which they do. *Id.* (clarifying that "comparability does not require that the foreign statute have the *same* use, role, or characteristics" (emphasis added)). Thus, we readily conclude that the statutes in question are comparable for the purposes of ORS 137.719.

Defendant's reliance on *Gunter* does not advance his argument. In that case, we held that CPC 288 and ORS 163.427 were not "similar" because the statutes do not share the element of "sexual contact." *Gunter*, 187 Or App at 462. However, we reached that conclusion in the context of determining a defendant's criminal history score, an analysis that explicitly requires element matching between statutes, and under circumstances where the state conceded that the defendant's criminal history score was incorrectly calculated. *Id.* In *Gunter*, we relied, in part, on *State v. Provencio*, 153 Or App 90, 955 P2d 774 (1998). In both of those cases, our analysis of what constituted "similar" statutes was governed by OAR 213-04-011(1), which provides:

> "An out-of-state adult conviction shall be used to classify the offender's criminal history if the elements of the offense would have constituted a felony or Class A misdemeanor under current Oregon law."

*See Provencio*, 153 Or App at 93; *Gunter*, 187 Or App at 462 (citing *Provencio*). In *Provencio*, we explained that the state had to "demonstrate by way of the accusation instrument and the judgment that defendant's California conviction in fact matched the elements of the Oregon offense that it asserted to the trial court could be considered in calculating defendant's criminal history score." 153 Or App at 95. In contrast, ORS 137.719—the statute that governs our analysis in this case—does not explicitly require such element matching; and we cannot read that requirement implicitly in the statute because the absence of such requirement suggests the legislature did not intend to include it. *See Escalera*, 223 Or App at 32-33 (stating that OAR 213-04-011(1) "does not govern the issue at hand"). The analysis under ORS 137.719 is also limited to the text of the statutes, unlike the analysis under OAR 213-04-011(1), which allows for consideration of the underlying charging instrument and judgment. Therefore, given that *Gunter* was decided under a

distinguishable standard, it is not controlling or instructive in this case.

In sum, we conclude that CPC 288 and ORS 163.427 are "comparable" for purposes of ORS 137.719. Accordingly, the trial court did not err by imposing the sentence in this case.

Affirmed.