AOYAGI, J.
*527 *523 Defendant appeals a judgment of conviction for two counts of first-degree theft, ORS 164.055 (Counts 1 and 2); three counts of felon in possession of a firearm, ORS 166.270 (Counts 3, 4, and 5); one count of unauthorized use of a vehicle, ORS 164.135 (Count 6); and one count of possession of methamphetamine, ORS 475.894 (Count 8). We reject defendant's first three assignments of error, which challenge the admission of certain exhibits, without written discussion. We write only to address defendant's fourth assignment of error, regarding an alleged error that the trial court made in applying ORS 137.717 (2015),[1] the repeat property offender (RPO) statute, when sentencing defendant on Counts 1, 2, and 6. For the reasons that follow, we agree with defendant that the trial court erroneously treated his prior conviction for shoplifting under California Penal Code section 459.5 as a "comparable offense" to second-degree burglary under ORS 164.215. Accordingly, we remand for resentencing, and otherwise affirm.[2]
We limit our discussion of ORS 137.717 to the portions relevant to this appeal. When a person is convicted of first-degree theft under ORS 164.055 or unauthorized use of a vehicle under ORS 164.135 -as defendant was in this case- ORS 137.717(1)(b)(B) provides for a presumptive sentence of 18 months of incarceration if the person has "[t]wo or more previous convictions for any combination of the crimes listed in [ ORS 137.717(2) ]." ORS 137.717(2) lists 18 crimes under Oregon law, plus "[a]ny attempt to commit" any of those crimes. ORS 137.717(2)(s). Further, under ORS 137.717(3), the person's presumptive sentence of 18 months "shall be increased by two months for each previous conviction" of a crime listed in ORS 137.717(1) or (2), excluding the convictions "used as a predicate" for the 18-month presumptive sentence, and not to exceed a 12-month increase to the *524 presumptive sentence. Of critical relevance here, the definition of "previous conviction" includes "[c]onvictions entered in any other state or federal court for comparable offenses ." ORS 137.717(9)(b)(B) (emphasis added).
As relevant to this appeal, defendant was convicted of two counts of first-degree theft and one count of unauthorized use of a vehicle. For all three convictions, the state asked that he be sentenced as a repeat property offender under ORS 137.717, citing three prior convictions in California. The trial court agreed and sentenced defendant to 20 months each on Counts 1, 2, and 6. That is, for each count, the court relied on two of defendant's California convictions to impose a presumptive sentence of 18 months under ORS 137.717(1)(b)(B), and it relied on the third California conviction to increase his sentence by two months under ORS 137.717(3).
On appeal, defendant concedes that two of his prior California convictions are comparable offenses to crimes listed in ORS 137.717(1) or (2), such that he was subject to a presumptive 18-month sentence under ORS 137.717 (1)(b)(B). However, consistent with his arguments below, defendant argues that the trial court erred in concluding that his third California conviction-for misdemeanor shoplifting under California Penal Code section 459.5 -is a comparable offense to second-degree *528 burglary under ORS 164.215. Consequently, defendant argues, the court erred in increasing his sentences on Counts 1, 2, and 6 by two months, i.e. , from 18 to 20 months. In response, the state essentially concedes that the trial court erred in treating defendant's California conviction as comparable to second-degree burglary under ORS 164.215. The state acknowledges a "problem" with that treatment given differences between the two statutes (differences that we discuss later), states that it is "unclear under controlling case law whether the two offenses are comparable," and makes no argument that they are comparable. The state asserts that we "need [not] consider that problem," however, because we can affirm on the alternative basis that defendant's California shoplifting conviction is comparable to second-degree theft under ORS 164.045 or attempted second-degree theft under ORS 164.045 and ORS 161.405. *525 The comparability of an out-of-state offense to an Oregon offense is a question of law. State v. Escalera , 223 Or. App. 26, 31, 194 P.3d 883 (2008), rev. den. , 345 Or. 690, 201 P.3d 910 (2009). In State v. Carlton , 361 Or. 29, 31, 388 P.3d 1093 (2017), the Oregon Supreme Court recently construed the term "comparable offenses" in another statute, ORS 137.719, that is similar in nature to ORS 137.717. ORS 137.719(1) creates a presumptive sentence for a felony sex crime if the defendant has been sentenced at least twice for felony sex crimes prior to the current sentence. A "prior sentence" is defined to include "[s]entences imposed by any other state or federal court for comparable offenses." ORS 137.719 (3)(b)(B). In Carlton , the trial court ruled that, for purposes of ORS 137.719, the California offense of lewd and lascivious conduct upon a child under 14 years old, Cal. Penal Code § 288(a), is a comparable offense to first-degree sexual abuse under ORS 163.427(1)(a)(A). Carlton , 361 Or. at 33, 388 P.3d 1093. We affirmed that decision, using the standard for "comparable offenses" that we articulated in Escalera , 223 Or. App. at 30-32, 194 P.3d 883, when construing the same words in the RPO statute. See State v. Carlton , 275 Or. App. 60, 64-68, 364 P.3d 347 (2015), rev'd , 361 Or. 29, 388 P.3d 1093 (2017) (relying on Escalera ).
Applying standard principles of statutory construction, the Supreme Court construed the term "comparable offenses" in ORS 137.719, ultimately concluding that the legislature intended to require "close element matching." Carlton , 361 Or. at 42, 388 P.3d 1093. Thus, to qualify as a "comparable offense" under ORS 137.719(3), the elements of the non-Oregon offense for which a person has been convicted and sentenced must be "the same as or nearly the same as the elements of an Oregon felony sex crime." Id . at 43, 388 P.3d 1093. It is not enough that the two offenses "share a core similarity." Id . In so concluding, the court rejected Escalera 's reasoning, which relied on the "less restrictive" of two dictionary definitions of "comparable." See Carlton , 361 Or. at 37, 42, 388 P.3d 1093 (discussing two dictionary definitions of "comparable"); Escalera , 223 Or. App. at 30-31, 194 P.3d 883 (relying on first of those two definitions). After examining the text, context, and legislative history of the statute, the court concluded that the legislature had intended the "more restrictive"
*526 meaning of "comparable," rather than the "less restrictive" meaning on which we relied in Escalera . Carlton , 361 Or. at 41-42, 388 P.3d 1093.[3] Based on that understanding of "comparable offenses," the court reversed, concluding that the California offense of lewd and lascivious conduct upon a child under 14 years old is not a comparable offense to first-degree sexual assault under ORS 163.427(1)(a)(A), because the former proscribes significantly broader conduct than the latter. Id. at 44, 46, 388 P.3d 1093.
Although Carlton addresses the meaning of the term "comparable offenses" in a different statute than the one at issue in this case, both parties recognize, and we agree, that *529 Carlton dictates our construction of the term "comparable offenses" in ORS 137.717. The two statutes are in the same chapter, serve similar purposes (imposition of presumptive sentences for certain repeat offenders), and use the term "comparable offenses" in grammatically and contextually analogous ways. Compare ORS 137.717(9)(b)(B) (defining "[p]revious conviction" to include "[c]onvictions entered in any other state or federal court for comparable offenses " (emphasis added)), with ORS 137.719(3)(b)(B) (defining "prior sentence" to include "[s]entences imposed by any other state or federal court for comparable offenses " (emphasis added)). Indeed, Carlton itself strongly suggests that its reasoning is not limited to ORS 137.719. See Carlton , 361 Or. at 41-42, 388 P.3d 1093 (indicating that, notwithstanding differences in wording, the legislature intended many recidivist statutes to require close element matching for purposes of counting foreign convictions). We therefore proceed on the understanding that "comparable offenses" has the same meaning in ORS 137.717 as it does in ORS 137.719.
With that in mind, we undertake to determine whether misdemeanor shoplifting under California Penal Code section 459.5 (the offense of which defendant was *527 previously convicted[4] ) is a comparable offense to second-degree burglary under ORS 164.215. The trial court ruled that it is.
The offense of shoplifting under California Penal Code section 459.5 is defined as follows:
"(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. ***
"(b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."
As the state recognizes, section 459.5 prohibits entry into a commercial establishment with the intent to take something, not the taking itself, which "deviates from the colloquial understanding" of the term "shoplifting." People v. Gonzales , 2 Cal. 5th 858, 871, 216 Cal.Rptr.3d 285, 392 P.3d 437 (2017). A violation of section 459 is a misdemeanor, unless the defendant has certain prior convictions. See Cal. Penal Code § 459.5.
Meanwhile, "a person commits the crime of burglary in the second degree [under ORS 164.215 ] if the person enters or remains unlawfully in a building with intent to commit a crime therein." ORS 164.215(1). Violation of ORS 164.215 is a Class C felony. ORS 164.215(2).
Defendant argues that shoplifting under California Penal Code section 459.5 is not a comparable offense to second-degree burglary under ORS 164.215. He points to *528 three differences between the statutes. First, the California statute explicitly differentiates between shoplifting and burglary and provides that, if conduct meets the definition of shoplifting, it must be charged as shoplifting and cannot be charged as burglary. See Cal. Penal Code § 459.5(b) (stating that "[a]ny act of shoplifting as defined in subdivision (a) shall be charged as shoplifting" and that "[n]o person who is charged with shoplifting may also be charged with burglary or theft of the same property"). Second, a person commits the California offense of shoplifting if the person enters a commercial establishment with certain criminal intent "while that establishment is open during regular business hours," whereas a person must enter or remain in a building "unlawfully" to commit second-degree burglary under ORS 164.215. *530 Third, the California offense of shoplifting is a misdemeanor, whereas second-degree burglary under ORS 164.215 is a felony.
In response, as previously mentioned, the state concedes that it is at least "unclear under controlling case law" whether the offenses are comparable, particularly because ORS 164.215 does not apply when a person lawfully enters and remains in a commercial establishment, while California Penal Code section 459.5 does. The state offers no affirmative argument that they are comparable offenses. Applying the "close element matching" described by the Supreme Court in Carlton , we conclude that the trial court erred in ruling that shoplifting under California Penal Code section 459.5 is a comparable offense to second-degree burglary under ORS 164.215. The elements of the California offense are not "the same as or nearly the same as" the elements of the Oregon offense. Carlton , 361 Or. at 43, 388 P.3d 1093. In particular, unlawful entry or remaining is an element of the Oregon offense, whereas entry of an establishment while it is open during regular business hours is an element of the California offense, regardless of whether the entry is lawful or unlawful. Because that difference is significant enough to be dispositive-i.e. , it precludes us from saying that the elements of the two offenses are "nearly the same"-we need not address the other differences that defendant argues exist between the statutes.
*529 Having concluded that the trial court erred in ruling on the basis that it did, we turn to the state's assertion that we may nonetheless affirm the trial court's decision on the alternative basis that, for purposes of ORS 137.717, shoplifting under California Penal Code section 459.5 is a comparable offense to second-degree theft under ORS 164.045 or attempted second-degree theft under ORS 164.045 and ORS 161.405. We may affirm on an alternative basis that was not raised in the trial court only if certain conditions are met, and, even then, it is a matter of discretion. Outdoor Media Dimensions Inc. v. State of Oregon , 331 Or. 634, 659-60, 20 P.3d 180 (2001). Here, whether defendant's California conviction is a comparable offense to completed or attempted second-degree theft under Oregon law is purely a question of law, the trial court's view of the evidence is not a factor, and the factual record could not have developed differently had the state raised the issue earlier in the proceedings. The issue therefore is well-suited to presentation as an alternative basis to affirm. See id . (describing necessary conditions to consider alternative basis to affirm). Ultimately, however, we disagree with the state that we may affirm on the alternative basis, because, applying the "close element matching" standard from Carlton , we disagree that shoplifting under California Penal Code section 459.5 is a comparable offense to completed or attempted second-degree theft under Oregon law.
As relevant here, a person commits second-degree theft under ORS 164.045 "when, with intent to deprive another of property or to appropriate property to the person or to a third person, the person *** [t]akes, appropriates, obtains or withholds such property from an owner thereof," ORS 164.015(1) ; the person does so "[b]y means other than extortion"; and "[t]he total value of the property in a single or aggregate transaction is $100 or more and less than $1,000." ORS 164.045.
At least two aspects of California Penal Code section 459.5 convince us that it is not a comparable offense to second-degree theft under ORS 164.045. First, section 459.5 criminalizes the act of entering a commercial establishment with the intent to commit larceny, regardless of whether the person actually takes any property after entering. See *530 Cal. Penal Code § 459.5. By contrast, ORS 164.045 requires that a person "[t]akes, appropriates, obtains or withholds" property from an owner. See ORS 164.045 (incorporating by reference ORS 164.015(1) ). In that regard, the California statute is significantly different from the Oregon statute-it prohibits a different and broader range of conduct.
Second, even as to actual takings, the California statute criminalizes the taking of property valued up to $950, while ORS 164.045 criminalizes the taking of property valued $100 or more and less than $1,000. Thus, a person may violate the California statute by taking property valued under $100, while the same conduct would not violate ORS 164.045.
*531 Instead, such conduct would constitute third-degree theft in Oregon. See ORS 164.043 (defining third-degree theft as theft of property with a total value of "less than $100"). That is a critical distinction because third-degree theft is not a qualifying "previous conviction" for purposes of the RPO statute. See ORS 137.717(2) (listing first-degree and second-degree theft, but not third-degree theft, as qualifying previous convictions). The state suggests that we disregard that difference, drawing our attention to the fact that the California charging instrument, which is in the record, alleged that the property at issue in defendant's case was valued in excess of $400. But, as we have made clear, "[t]he determination of comparability under ORS 137.717(4)(b) presents a legal question to be resolved by an examination of the text of the statutes under which a defendant has been convicted, not the charging instrument underlying the out-of-state conviction." Escalera , 223 Or. App. at 31, 194 P.3d 883. Carlton did not call that aspect of Escalera into question; to the contrary, it analyzed comparability based on the statutory elements of the offenses. Carlton , 361 Or. at 43, 388 P.3d 1093. The state's suggestion that we rely on the charging instrument is misplaced.
We therefore conclude that shoplifting under California Penal Code section 459.5 is not a comparable offense to second-degree theft under ORS 164.045.
The state's argument that it is a comparable offense to attempted second-degree theft under ORS 164.045 and ORS 161.405 fares no better. Under ORS 161.405, "[a] person *531 is guilty of attempt to commit a crime when the person intentionally engages in conduct which constitutes a substantial step toward commission of the crime." To constitute a "substantial step," the defendant's conduct must "(1) advance the criminal purpose charged, and (2) provide verification of the existence of that purpose." Carlton , 361 Or. at 45, 388 P.3d 1093. The state argues that "taking or attempting to take property valued more than $450 from a commercial establishment"[5] both violates section 459.5 and is a substantial step toward committing the crime of second-degree theft under ORS 164.045.
That argument fails for similar reasons as those already discussed with respect to completed second-degree theft under ORS 164.045. It implicitly, and improperly, relies on the California charging instrument, rather than comparing the elements of the offenses. It also only partially addresses the intent issue, because California Penal Code section 459.5 criminalizes entering a commercial establishment with the intent to commit larceny, regardless of whether the defendant takes any substantial step toward effectuating that intent. The intent element of section 459.5 is similar to the intent element of ORS 164.045, which requires that the defendant had "the intent to deprive another of property or to appropriate property to the person or to a third person" when committing the prohibited act. But, whereas section 459.5 requires only entering with the requisite intent, attempted second-degree theft under ORS 164.045 requires attempting to take , obtain , or withhold property with the requisite intent.[6] For both reasons, a violation of California Penal Code section 459.5 is not a comparable offense to attempted second-degree theft under ORS 164.045 and ORS 161.405.
*532 In conclusion, the trial court erred in treating defendant's conviction for shoplifting under California Penal Code section 459.5 as a qualifying "previous conviction" for purposes of RPO sentencing under ORS 137.717. As a result of that error, the trial court improperly increased defendant's sentence by two months-from 18 to 20 months-on Counts 1, 2, and 6.
*532 Remanded for resentencing; otherwise affirmed.

All references to ORS 137.717 are to the 2015 version of the statute.

Because defendant will be resentenced, we need not address his fifth assignment of error, challenging the trial court's imposition of $1,400 in fines. See former ORS 138.222(5)(a) (2015), repealed by Or. Laws 2017, ch. 529, § 26 (providing for remand of "the entire case for resentencing" if the appellate court determines that the sentencing court committed an error in sentencing that requires resentencing).

We note that, although Carlton plainly rejected Escalera 's reasoning, it does not necessarily follow that the result in Escalera was wrong. We emphasized in Escalera that the Washington and Oregon statutes at issue were quite similar and had only "minor possible differences in scope." 223 Or. App. at 32, 194 P.3d 883. Under Carlton , a foreign offense is "comparable" if its elements are "the same as or nearly the same as the elements of an Oregon felony sex crime." Carlton , 361 Or. at 43, 388 P.3d 1093 (emphasis added).

It is undisputed that defendant's prior conviction is for a misdemeanor violation of California Penal Code section 459.5. Given the text of section 459.5, it is accurate to refer to that conviction as one for "shoplifting," as both parties generally do on appeal. The state has at times referred to the conviction as one for "burglary" or a "reduced form of burglary," apparently due to the fact that section 459.5 is housed in Title 13 ("Of Crimes Against Property"), Chapter 2 ("Burglary"), of the California Penal Code. To avoid confusion, we consistently refer to the conviction as one for "shoplifting."

We understand the state's reference to "$450" to be a reference to the California charging instrument, which alleged that the property was valued "in excess of Four Hundred Dollars ($400)." We have found no other reference to "$450" in the record.

At oral argument, the state argued that the only practical way to prove that a person intended to commit larceny upon entering a commercial establishment would be to prove that he or she took or attempted to take property once inside and, by inference, intended to do so when entering. We are not persuaded that that would be the only way to prove intent, nor are we convinced that Carlton allows looking past the statutory elements to the practicalities of proof.