Argued and submitted April 11, 2019, Portland Community College, Portland; affirmed May 6, 2020

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEVITICUS BLUE CLIFTON,
*Defendant-Appellant.*

Polk County Circuit Court
17CR42404; A166439

466 P3d 963

While arresting defendant on an outstanding warrant, officers discovered tools in his car that did not belong to him. Although defendant claimed otherwise, the tools belonged to R. At defendant's bench trial for first-degree theft, he moved for judgment of acquittal, arguing insufficient evidence. The trial court denied the motion and found defendant guilty. He was sentenced under Oregon's repeat property offender statute, ORS 137.717 (2015), *amended by* Or Laws 2017, ch 673, § 5. On appeal, defendant contends that the trial court erred in two respects: (1) by denying his motion for judgment of acquittal and (2) by relying on his second-degree burglary conviction in the State of Washington as a previous conviction that added two months to his sentence under ORS 137.717 (2015). *Held*: The trial court did not err in denying defendant's motion for judgment of acquittal, because the evidence permitted a finding that defendant withheld the tools belonging to R with the conscious objective of appropriating the property to himself. The trial court did not err in adding two months to defendant's sentence, because the second-degree burglary statutes under Oregon and Washington law are sufficiently similar to be "comparable offenses" for purposes of ORS 137.717 (2015).

Affirmed.

Sally L. Avera, Judge.

Marc D. Brown, Deputy Public Defender, argued the cause for appellant. Also on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Keith L. Kutler, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Armstrong, Presiding Judge, and Lagesen, Judge, and Shorr, Judge.

LAGESEN, J.

Affirmed.

**LAGESEN, J.**

While arresting defendant on an outstanding warrant, officers discovered a large number of tools in defendant's car that did not belong to him. Instead, although defendant claimed otherwise, the tools belonged to R. The officers' discovery of the tools ultimately led to defendant's conviction for first-degree theft, for which he was sentenced to 22 months' incarceration under Oregon's repeat property offender statute, ORS 137.717 (2015), *amended by* Or Laws 2017, ch 673, § 5.[1] On appeal, defendant contends that the trial court erred in two respects: (1) by denying his motion for judgment of acquittal and (2) by relying on defendant's second-degree burglary conviction in the State of Washington as a previous conviction that added two months to his sentence under ORS 137.717. We affirm.

We review the trial court's denial of a motion for a judgment of acquittal to determine "whether, viewing the evidence and all reasonable inferences from the evidence in the light most favorable to the state, a rational trier of fact *** could have found the essential elements of the crime beyond a reasonable doubt." *State v. McKnight*, 293 Or App 274, 275, 426 P3d 669, *rev den*, 363 Or 817 (2018) (ellipsis in original; internal quotation marks and brackets omitted). We review for legal error the trial court's application of a sentencing statute. *State v. Thomas*, 281 Or App 685, 691, 386 P3d 218 (2016).

We state the facts underlying defendant's conviction in accordance with our standard of review; the procedural facts are not disputed.

From February to July 2017, the victim, R, was developing property on an old Christmas tree farm to build a house. R constructed a pop-up, canvas-sided "garage" to store his tools while he developed the property. He stored a variety of items ranging from common tools that could be purchased at a general hardware store to brand-new, costly, specialty tools such as a laser level.

---

[1] Unless otherwise indicated, all references to ORS 137.717 are to ORS 137.717 (2015). The legislature amended the statute in 2017, making the amendments operative as of January 1, 2018. Or Laws 2017, ch 673, § 5. The amendments have no application to this case.

Sometime between May 28 and June 9, defendant approached R to discuss turning on the water for the foreclosed house above R's property. Defendant and several other people had started work on the house and remained on the property for the next three to five days. A week or two after his discussion with defendant, R discovered that several of his tools were missing, so he made a list and notified the police. The last time R could remember seeing his tools was around the same time he had spoken with defendant, which he told police.

Five days after R noticed that his tools were missing, Officer Hutchison stopped to offer assistance at a broken-down vehicle less than a half mile from R's property. Defendant was the driver of the vehicle. Hutchison recognized defendant, knew both that defendant was a suspect in the theft of R's tools and that he had an outstanding warrant, and arrested him on the warrant.

During the arrest, Hutchison noticed a large number of tools in defendant's vehicle, and had another officer, Williams, contact R to have him come to the car to see if he could identify any of the tools. Before R arrived, Williams informed defendant that R had had several tools stolen from him recently and asked if any of the tools in the vehicle belonged to R. Defendant denied that any of the tools belonged to R and asserted that the tools in the trunk and backseat were his own.

R arrived at the location and identified some of the tools in the trunk of the car as those taken from his garage. Following R's identification of the tools, Williams again asked defendant if any of the tools were R's, and defendant again reiterated that none of the tools were R's. In response, Williams told defendant that he wanted him "to be honest," that "he was going to be the one that's going to be standing before the judge on this," and that "he can go as an honest guy that made a mistake or a guy that made a mistake and was going to lie." Defendant put his head down, paused, and said, "[i]t's not going to change the charges" and, again, that the tools were not R's.

Williams then transported defendant to jail. Ten of the tools belonged to R and were worth more than $3,000.

Defendant was charged with theft in the first degree and burglary in the second degree. Defendant subsequently pleaded not guilty to both charges and went to trial. At trial, defendant moved for a judgment of acquittal on both counts, which were denied.

With respect to the theft charge, defendant contended that there was insufficient evidence to permit a finding that defendant "knowingly committed the theft of property. There are other reasonable explanations [of] how property could be obtained." The trial court denied the motion, explaining that the evidence of defendant's conduct in the car at the time of his arrest on the warrant was sufficient to support a finding that defendant was committing theft by withholding R's property, with the intent to appropriate that property to himself:

> "[T]heft is essentially a requirement only that the defendant, with intent to deprive another or appropriate the property to himself, took, appropriated, obtained, or withheld the property of [R]. *** He denied that it was [R]'s property and had appropriated—appears to have appropriated it, or at least there's sufficient evidence from which the court could conclude that he has either withheld it from [R] or appropriated it to his own use by having it, claiming it as his own, and denying its ownership by another."

The trial court found defendant guilty of first-degree theft and not guilty of second-degree burglary. At sentencing, the court imposed 22 months' incarceration under ORS 137.717. It determined that the statute required 18 months' incarceration because of defendant's conviction for first-degree theft plus an additional two months for each of defendant's previous convictions for property crimes. For that reason, the court imposed an additional two months each for defendant's Oregon second-degree theft conviction and Washington second-degree burglary conviction. Defendant objected to the court's reliance on the Washington conviction, contending that it was not a "comparable offense" within the meaning of ORS 137.717(9)(b) on which the court could rely to impose an additional two months. The court rejected that argument, concluding that the offense of second-degree burglary under Washington law is one that is comparable to second-degree burglary under Oregon law for purposes of ORS 137.717.

On appeal, defendant assigns error, arguing that the trial court erred in (1) denying his motion for judgment of acquittal on Count 1, first-degree theft and (2) increasing his sentence by two months for the Washington conviction. The state responds that the court did not err in either respect.

We start with defendant's challenge to the trial court's denial of his motion for judgment of acquittal. Defendant's argument, in the main, is that the only evidence to support that conviction is evidence that he possessed R's tools: Under our case law, "mere possession of recently stolen goods is not, on its own, enough to prove the mental state for theft." That is, in defendant's view, it is not inferable from the evidence, which defendant views as being evidence of possession alone, that defendant had the intent—the "conscious objective," ORS 161.085(7)—to deprive R of his tools permanently or to appropriate the tools to himself.

The state responds that the trial court focused on the evidence of defendant's conduct in the car when it denied defendant's motion for judgment of acquittal. In the state's view, that evidence went beyond evidence of defendant's "mere possession" of the tools. It included defendant's continued insistence that the tools belonged to him, both after he had been told about the theft of tools from R and again after R arrived and identified the tools. That evidence, the state argues, would allow at a minimum a finding that defendant was, at that point in time, *withholding* the tools from R with the intent to appropriate the property to himself.

We agree with the state. ORS 164.015 provides, in relevant part:

"A person commits theft when, *with intent to deprive another of property or to appropriate property to the person* or to a third person, the person:

"(1)   Takes, appropriates, obtains or *withholds such property from an owner* thereof[.]"

(Emphases added.) Just as the trial court reasoned, the evidence here permitted a finding that defendant withheld the tools belonging to R (thereby withholding property

from its owner) with the conscious objective of appropriating the property to himself. That is because the evidence showed that defendant possessed R's tools and then continued to maintain that they were his own—without offering to return the tools to R—even after he was told about the theft of R's tools and even after R arrived and identified the tools as belonging to him.[2] For those reasons, the trial court properly denied defendant's motion for judgment of acquittal on the theft charge.

Turning to defendant's claim of sentencing error, the issue is whether the trial court erred when it determined that, under ORS 137.717, defendant's previous conviction in Washington for second-degree burglary under Revised Code of Washington (RCW) 9A.52.030 qualifies as a "comparable offense" to second-degree burglary under ORS 164.215 so as to permit increasing defendant's sentence by two months based on the Washington conviction. An out-of-state offense is comparable to an Oregon offense for purposes of ORS 137.717 if the out-of-state offense has "'the same as or nearly the same as the elements of'" the Oregon offense. *State v. Baker*, 298 Or App 521, 525, 447 P3d 526 (2019) (quoting *State v. Carlton*, 361 Or 29, 43, 388 P3d 1093 (2017)). Therefore, we compare the elements of second-degree burglary under RCW 9A.52.030 to the elements of second-degree burglary under ORS 164.215 to see if those elements are the same or nearly the same. That comparison shows that they are.

RCW 9A.52.030(1) defines second-degree burglary under Washington law as follows:

---

[2] To the extent defendant's argument suggests that he may not have been aware that the tools were stolen or that he had a right to possess them, we note that the criminal code provides a defense to a person who commits theft under an "honest claim of right." ORS 164.035(1) states:

"In a prosecution for theft it is a defense that the defendant acted under an honest claim of right, in that:

"(a) The defendant was unaware that the property was that of another; or

"(b) The defendant reasonably believed that the defendant was entitled to the property involved or had a right to acquire or dispose of it as the defendant did."

Defendant did not, however, raise the "honest claim of right" defense at trial, much less raise the defense before his motion for judgment of acquittal.

"A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he or she enters or remains in a building other than a vehicle or a dwelling."

ORS 164.215(1) defines second-degree burglary under Oregon law similarly, "[A] person commits the crime of burglary in the second degree if the person enters or remains unlawfully in a building with intent to commit a crime therein." A "building," under ORS 164.215, "in addition to its ordinary meaning, includes any booth, vehicle, boat, aircraft or other structure adapted for overnight accommodation of persons or for carrying on business therein." ORS 164.205(1).

Comparing the two offenses demonstrates that they have "nearly the same" elements, albeit not exactly the same elements. The difference is that Washington law defines the offense in slightly narrower terms than does Oregon law. Both statutes require proof of these same three elements: (1) an unlawful entry or remaining; (2) in a building; (3) with the intent to commit a crime therein. The only variations between the two offenses are that (1) under Washington law, the building cannot be a house or a vehicle, as it can under Oregon law and (2) under Washington law, the intended crime must be a person or property crime, whereas, under Oregon law, any intended crime will do. Those differences are slight enough to allow the conclusion that the elements of second-degree burglary under Washington law are "nearly the same" as the elements of second-degree burglary under Oregon law. Of particular significance, we think, is the fact that, given the slightly narrower scope of the Washington statute, all conduct that would violate it necessarily would violate the Oregon statute as well (if committed in Oregon). Consequently, we conclude that RCW 9A.52.030 and ORS 164.215 are "comparable offenses" for purposes of ORS 137.717. The trial court, therefore, correctly determined that ORS 137.717 required it to increase defendant's sentence by two months based on his previous Washington conviction under RCW 9A.52.030.

Affirmed.