No. 220 April 10, 2024 779

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CHRISTINE MARIE WALKER,
*Defendant-Appellant.*

Josephine County Circuit Court
22CR17319, 22CR19432; A179546 (Control), A179547

Pat Wolke, Judge.

Submitted March 8, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Robert M. Wilsey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Mooney, Judge, and Pagán, Judge.

SHORR, P. J.

Affirmed.

**SHORR, P. J.**

Defendant appeals from the trial court's judgment following defendant's guilty plea to first-degree criminal mischief, among other offenses. Defendant argues that the trial court plainly erred by imposing a 60-month durational departure sentence under ORS 137.717(4)(b) because the state failed to prove defendant's criminal history by way of a presentence investigation report as required by ORS 137.717(9). The state responds that any error is not plain or obvious, and even if the court plainly erred, we should not exercise our discretion to correct the error. We affirm.

Whether a claim of error qualifies for plain error review is a question of law. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (explaining criteria for plain error review).

In this case, defendant's sentence was governed by ORS 137.717 which establishes a system of enhanced presumptive sentences for property crime offenders with prior qualifying convictions. Defendant contends that under ORS 137.717(9), the state was required to prove defendant's criminal history through the presentence report process established in ORS 137.079. *See State v. Escalera*, 223 Or App 26, 33, 194 P3d 883 (2008), *rev den*, 345 Or 690 (2009) (noting that, for purposes of ORS 137.717, "ORS 137.079 prescribes the procedure by which the fact of a previous conviction must be proved"). Defendant additionally contends that the record shows that the state failed to conduct or request a presentence investigation to establish her criminal history under ORS 137.079. Consequently, defendant argues that the state failed to meet its burden of proof that defendant was subject to the 60-month sentence that she received. *See State v. Sumpter*, 227 Or App 513, 519, 206 P3d 1088 (2009) (accepting the state's concession that trial court erred by sentencing the defendant under ORS 137.717 when the state represented at sentencing that the defendant was previously convicted of a "comparable" out-of-state offense but failed to adduce evidence of such under the procedures established in ORS 137.717 and ORS 137.079).

Even assuming the court plainly erred and defendant's argument is reviewable,[1] we would not exercise our discretion to correct the error. *Ailes*, 312 Or at 382 (stating that the court must exercise discretion to consider plain error). First, we note that in *Sumpter*, there was "*no evidence* * * * adduced in [that] case to satisfy [the state's] obligations under ORS 137.717 and ORS 137.079 to establish defendant's criminal history." *Id.* at 519 (emphasis added). In *Sumpter*, the defendant also asserted that the state had incorrectly recited the nature of his prior criminal history. *Id.* at 518-19. Thus, *Sumpter* did not involve the circumstance present here—the state presented evidence regarding defendant's criminal history, in the form of a criminal history worksheet, and defendant did not object either to the content or to the form of the state's presentation of that history.[2]

Second, defendant's failure to timely object to the lack of a presentence report and to the entry of the criminal worksheet deprived the state and court of an opportunity to respond. But most importantly here, defendant did not argue in the trial court and does not argue on appeal that the criminal history was incorrect or that the court lacked the legal authority to impose the sentence based on that criminal history. *Ailes*, 312 Or at 382 n 6 (noting discretionary factors including, but not limited to: the gravity of the error, the ends of justice, and whether the policies behind the rules of preservation have been served). Indeed, the court would be almost certain to impose the same sentence on remand in light of that history and the court's comments at sentencing. Given the foregoing, we would not exercise our discretion even if the error was plain.

Affirmed.

---

[1] *See* ORS 137.079(5)(f) ("Except as provided in ORS 138.105 and 138.115, the court's decision on issues relating to a defendant's criminal history shall not be reviewable on appeal.").

[2] In the plea offer, the state included the following comment: "defendant has a very extensive criminal history with numerous property crimes and at least 52 felonies * * * the state will be filing a notice to rely on enhancement facts at sentencing; defendant's exposure is more than 60 months DOC plus misdemeanor tail [sic]." *See* OAR-213-013-0010 (outlining minimum contents of presentence reports); *see also* OAR-213-013-0010(9) ("The sentencing judge may waive the requirement for any information necessary to establish the presumptive sentence if that information has been made part of an accepted plea agreement.").